TILLINGHAST v. BOSTON, &c., COMPANY.

MOORE v. S. C. FORSAITH COMPANY.

1. FOREIGN CORPORATIONS—SERVICE—JURISDICTION.—An action instituted, without attachment, against a foreign corporation by order for publication in a New Hampshire newspaper, followed by personal service on its managing agent in that State, based upon a contract made in this State, dismissed for want of jurisdiction in the courts of this State to render a personal judgment against a non-resident corporation having no property or agent here. The authority given by section 155 of the Code to make service of a summons, "in respect to a foreign corporation only when * * * the cause of action arose therein," does not authorize a personal judgment on such a corporation.
2. PETITION FOR REHEARING granted, where the court had, perhaps, been misled by the confusion arising from hearing two cases together.

Before HUDSON, J., Hampton, October, 1892.

These were two cases heard together—(1) W. S. Tillinghast against the Boston and Port Royal Lumber Company and the S. C. Forsaith Machine Company, and (2) James W. Moore against the S. C. Forsaith Machine Company. Personal service was made upon the defendants at their office in the State of New Hampshire, after order of publication granted.

The supplemental order, referred to in the opinion, was as follows:

In the first of the aforesaid actions, the complaint was dismissed as to the Boston and Port Royal Lumber Company, because it did not state facts sufficient to constitute a cause of action. As to the S. C. Forsaith Machine Company, the service of summons was set aside and the complaints in each action dismissed on motion, because the service of summons was illegal and gave the court no jurisdiction. The S. C. Forsaith Machine Company is a corporation created under the laws of New Hampshire. It is a foreign corporation, owning no property in South Carolina, and having no agent resident here. The summons in each case was personally served upon an officer of the corporation, in the State of New Hampshire. The action in each case is upon a money demand, no writ of attach-

ment having issued, and there being in South Carolina no property to be attached.

The plaintiffs claim jurisdiction of our courts over the foreign corporation, because the cause of action arose in this State. I held, on the hearing in open court, that the service of the summons was nugatory, and that the court had no jurisdiction to render a personal judgment in either case, and signed orders of dismissal. I promised to give my reason for so doing more fully. The simple question is, can a resident creditor, by open account or written contract to pay money, bring his action in the Common Pleas in this State against a foreign corporation having no property here, by serving the summons in the foreign jurisdiction, and recover a personal judgment? I hold that section 155 (old 157) of the Code, nor any amendment thereof, gives such jurisdiction to our courts. The cause of action in each of these cases, if any exists, is the breach of the contract, and this occurred where the promisor resides, to wit: in New Hampshire. This takes it out of our statute; but, even if it did not, I would still refuse to stultify the court by rendering a personal judgment against the defendant in these cases begun by service of a summons in New Hampshire. The Statute of New York is similar to ours, and if plaintiff's action can be maintained, then almost every corporation created under the laws of other States would be amenable to the courts of New York, as I suppose there are few of them that do not owe a debt, by bond or otherwise, to the citizens of New York. The proposition I deem untenable. Such is, in brief, my reason for signing the orders of dismissal.

*Mr. C. J. C. Hutson,* for appellant.

*Mr. Jeff. Warren,* contra.

February 21, 1893. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. These actions were heard together, as the point involved in both is substantially the same. The case first stated was brought against two foreign corporations, viz., "The Boston and Port Royal Lumber Company," and the "S. C. Forsaith Machine Company;" and in order to prevent

confusion, it will be well to state at once that, as to the "Boston Lumber Company," the complaint was dismissed on the ground that it did not state facts sufficient to constitute a cause of action, from which order there was no appeal. So that in each case the action is against the S. C. Forsaith Machine Company alone.

It seems that the demands sued on were both for professional services rendered in South Carolina, as follows: (1) That of Mr. Tillinghast was for $1,995. He instituted a suit for his client, W. R. Smith, against the "Boston and Port Royal Lumber Company" in the Common Pleas for Hampton County, South Carolina. Creditors were called in, and among them came in the said "S. C. Forsaith Machine Company," a corporation under the laws of New Hampshire. There was much litigation, and a receiver was appointed. At this stage of the proceeding, the creditors met in Boston and adjusted their conflicting interests, and the S. C. Forsaith Machine Company sent a telegram to E. F. Warren, Esq., their attorney in this State, stating that they would be responsible for costs to be ascertained by reference, if all suits against the Boston company were discontinued. On the receipt of this telegram, an agreement was entered into between Mr. Tillinghast, his client Smith, and Mr. E. F. Warren, defendant's attorney, by which the suit was discontinued, and it was agreed to pay the fees of Mr. Tillinghast and the costs of court, to be ascertained "by reference." This was not done; and this action was brought upon a *quantum meruit* in Hampton County, South Carolina. (2) The claim of Mr. Moore was for professional services, $730.97, rendered the "machine company" against the said Boston Lumber Company.

In each case the complaint was filed in this State, and affidavit made by the plaintiff, "that the defendant, the S. C. Forsaith Machine Company, is a foreign corporation, created under the laws of the State of New Hampshire, and doing business in the city of Manchester, State of New Hampshire, and has no agent or other representative in this State, as known to deponent; no such person being, after due diligence, found in said State of South Carolina. That the summons and complaint

had been issued against the said S. C. Forsaith Machine Company, defendant, and cannot be served by reason of its non-residence, and having no agent or other representative in this State, and that the cause of action arose in this State," &c.

Thereupon W. J. Causey, Esq., clerk of the court for Hampton County, issued an order of publication as follows: "On the complaint herein now presented to me, showing a sufficient cause of action against the defendant, the S. C. Forsaith Machine Company, and upon the annexed affidavit of the plaintiff, showing that the defendant, the S. C. Forsaith Machine Company, is a foreign corporation, &c., and that it has no agent or representative in this State, and plaintiff will be unable to make personal service of the summons and complaint in the above entitled action upon said defendant, the S. C. Forsaith Machine Company, be made by publication of same in the Manchester Daily Mirror, a newspaper published in the city of Manchester, State of New Hampshire," &c. This service was made.

A motion was made by Jeff. Warren, Esq., representing the machine company, the defendant, to set aside the service of summons and complaint, and to dismiss the complaint for want of jurisdiction, which was granted by his honor, Judge Hudson; and from this order both of the plaintiffs in the cases stated appeal to this court, upon the following exceptions:

"1. Because his honor, the Circuit Judge, erred in setting aside the service of the summons and complaint on the defendant, the S. C. Forsaith Machine Company, at their place of business in the city of Manchester, State of New Hampshire, and in dismissing the plaintiffs' complaint for want of jurisdiction, because it appeared to the satisfaction of the court that the defendant, the S. C. Forsaith Machine Company, are a foreign corporation and non-residents of this State, are repre-sented by no agent, and have no place of business therein; whereas it was made to appear to the court that the cause of action arose within the State, and gave the court jurisdiction of the cause.

"2. Because his honor, the Circuit Judge, erred in refusing to assume jurisdiction of the case because, in his judgment, the

cause of action, to wit, the breach of the contract, did not arise within the limits of this State; and because his honor erred in deciding that the 'breach of the contract' constituted the cause of action.

"3. Because his honor, the Circuit Judge, erred in deciding that, even if the breach of the contract, to wit, the cause of action, did arise within the State, 'he would still refuse to stultify the court by rendering a personal judgment against the defendants in these cases, begun by service of a summons in New Hampshire;' whereas the Code makes it obligatory upon the court to assume jurisdiction against foreign corporations when the cause of action arose within the State."

We have always understood it to be elementary law, that no one could be made a party to an action without service upon him, either personally or through his property attached within the State. That has certainly been regarded as the settled law. *Stanley* v. *Stanley*, 35 S. C., 94. In the matter of making parties, so that the judgment rendered will bind them, it is difficult to see how it should affect the question of practice, whether the cause of action arose in the State or not. It is true, that the amendment of the Code, section 155, by the act of 1887 (19 Stat., 835), does declare: "But such service can be made in respect to a foreign corporation only when it has property within this State, or the cause of action arose therein, or where such service shall be made in this State personally upon the president, cashier, attorney or secretary, or any resident agent," &c. As I understand it, the question here is, not whether the defendant can be attached through their property in the State, for it is admitted that they have none, but whether, having no property or agent in the State, they have been made parties in such way as to make the judgment to be recovered here binding upon the corporation in New Hampshire. What is the test as to where the cause of action arises? where was the contract made, and where was it to be performed? We suppose that the contract, wherever made, was to be performed in New Hampshire, and that the refusal to perform it, which was the breach, was also in New Hampshire. See *Rodgers* v. *Mutual Endowment Association*, 17

S. C., 406. We are constrained to concur with the Circuit Judge, and request the reporter to let his very clear supplemental order appear in the report of the case.

The judgment of this court is, that in each of the cases stated above, the judgment of the Circuit Judge in setting aside the service of the summons and complaint be affirmed.

In these cases a petition was filed for rehearing. Both petitions were based upon the same allegations and grounds. The petition in the Tillinghast case was as follows:

The humble petition of W. S. Tillinghast, plaintiff, appellant, showeth unto your honors that he most respectfully submits that, in its opinion and judgment herein affirming the judgment of the Circuit Judge in setting aside the service of the summons and complaint herein, the Supreme Court has inadvertently overlooked these facts and questions of law, material to the case, as presented by the appeal.

I. That, even if it had been a settled principle of elementary law that no one can be made a party to an action without service on him, either personally or through his property attached within the State, yet the general assembly of this State has abrogated the operation of this principle in so far as suits against foreign corporations in the courts of this State are concerned, when a cause of action arises against them within this State.

II. That, however difficult it may be to see why the cause of action arising within the State should affect the question of practice in making parties, yet this difficulty in no manner affects the historic and statutory fact that the legislative will, plainly expressed as in this instance, does affect it, and overrides all principles both of common and previous statutory law, and all rules of court to the contrary, and is in such question in the courts of this State supreme.

III. That the question was not whether the foreign corporation had been made a party in such way as to make the judgment recovered here binding on it in New Hampshire, but, on the contrary, such question was not only not involved in, but was not germain to, the appeal; the question before the court

being limited and restricted to the jurisdiction of the courts of this State, without regard to the extra territorial effect of their judgments, or the weight which the courts of New Hampshire might attach to the judgments of the courts of this State.

IV. That the cause of action arose within the State was established by the record as a fact. Par. XIII. of complaint.

V. That the facts set forth in the complaint, and from fol. 18, page 5, to bottom of page 6 of "Case," [the agreement] establishing *prima facie* evidence of jurisdiction, the Court of Appeals, as matter of law, will not review the decision of the tribunal granting the order. 1 Wait Prac., 520.

VI. That the answer to the question asked but not answered by the court, "Where was the contract made?" is found in the foregoing references to the "Case," to wit, Hampton, Hampton County, State of South Carolina.

VII. That the answer to the question asked by the court, "Where was the contract to be performed?" is properly answered by the application of the rule of the common law still in full force, in no manner abrogated or impaired by statute, that a contract is to be performed where it is made, unless it is provided that it is to be performed elsewhere. *Thus*, this contract being made in Hampton, Hampton County, and there being no provision that it was to be performed elsewhere, it was to be performed there. Story Conf. L., § 278a, 280, 282; *DeSobry* v. *DeLaistre*, 2 Harr. & J. (Md.), 191; Bishop Cont., § 139; *Steel* v. *Commissioners of Rutherford*, 70 N. C., 137; *Jones* v. *Board of Commissioners of Bladen Co.*, 69 *Id.*, 412; 1 Rob. Prac., 175.

VIII. That the inadvertent overlooking of the fact (par. VI.) and the rule of law (par. VII), led the court to suppose that the contract was to be performed and the breach of it arose in New Hampshire, instead of South Carolina, and to cite in support of this supposition *Rodgers* v. *Mutual Endowment Association*, 17 S. C., 406, which was decided on the ground that the contract was by its terms to be performed in Maryland.

IX. That the section of the Code of Procedure bearing upon the appeal was not section 155, as to personal service, but section 156, as to service by publication.

Wherefore, your petitioner prays that a rehearing herein be ordered.

Upon these petitions the following order was granted in each case, May 12, 1893,

PER CURIAM.   Upon a careful consideration of this petition in connection with the original record, it seems to us that some confusion has arisen from the fact, that two cases, which seem to be totally different, were argued and considered together, whereby the court may have been misled. This presents just such a case as is proper for a rehearing.   It is, therefore, ordered, that the prayer of the petition be granted, and that the cases be set down for a rehearing on Wednesday, the 24th of May, 1893, at 6 o'clock p. m.   It is further ordered, that the clerk furnish certified copies of this order to the counsel engaged in the cause.

[The rehearing was accordingly had at the time designated, and the decision of the court thereon reserved.—REPORTER.]