13136

JUDY v. JUDY

(158 S. E., 542)

October, 1929.

*Mr. R. Lon Weeks,* for appellant,

*Messrs. E. C. Mann* and *A. J. Hydrick,* for respondent,

May 13, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Plaintiff, respondent here, brought her action against her husband, Fred Judy, appellant herein, for alimony, and moved before his Honor, Judge Featherstone, for temporary alimony, *pendente lite,* and for an allowance for attorney's fees, sometimes called suit money. A rule was issued requiring the defendant to show cause why the prayer of the petition should not be granted. The defendant, appellant here, made return to the rule, and the motion was heard on the verified complaint and the verified return. No other testimony was taken in support of, or against, the motion.

His Honor awarded to plaintiff temporary alimony in the sum of $50.00 per month, and temporary suit money in the sum of $150.00. The defendant was enjoined, *pendente lite,* from selling or disposing of any of his property.

From that order defendant appeals, on these grounds, succinctly stated: That it was error to grant the motion for temporary alimony and suit money.

1. Because the only basis for it was alleged wrongs which had been condoned.

2. Because it appeared upon the face of the petition for alimony that the petitioner had abandoned her husband's domicile without just cause.

3. Because the appellant, in good faith, sought the return of the respondent to his domicile.

4. Because, if the allegations of respondent's complaint were fully established, they would be insufficient in law to support an award of permanent alimony; hence they are insufficient to support the award of temporary alimony.

In argument of the appeal, appellant's counsel stressed the point that, if respondent is entitled to alimony and counsel fees, the amounts allowed by the Circuit Judge are excessive and are beyond the ability of the appellant to pay.

It was stated in argument in this Court that the case had been referred to the master for Dorchester County to take the testimony and hear and determine all issues of law and fact; this he had done, and had made his report, finding that plaintiff was not entitled to alimony. Appellant's counsel asked leave to present this report to the Court and to use it in argument. To this, counsel for respondent objected. The Court declined to hear the report. Nevertheless, counsel for both parties found it difficult in argument to refrain from reference to it.

This Court is asked, upon this meager showing, to determine whether the trial Court committed error and abuse of discretion in allowing alimony and counsel fees. The showing is contained in the verified complaint of the plaintiff and the verified return made by defendant to the rule to show cause. The Circuit Judge was correct in practice when he issued the rule requiring defendant to show cause, but we think he should have had before him other testimony than the pleadings. It would have been more satisfactory practice to require the litigants to offer in support of their several

contentions oral testimony, or the affidavits of others than themselves. It would have been more satisfactory, too, to have other evidence upon the issues of wrongdoing alleged against the defendant; upon his allegations of misconduct on the part of the plaintiff; upon the question of the defendant's financial condition; whether, or not, he is able to pay the temporary alimony and suit money ordered to be paid by the Circuit Judge.

This Court is unwilling, upon the record before it, to declare that his Honor, the Circuit Judge, committed error, and abused the discretion vested in him in the premises. Yet it is unwilling upon the record to hold that defendant should pay alimony and suit money which, it may be, he should not pay and cannot pay.

In these circumstances, the Court is of the opinion that it will conserve the interests and rights of all parties to suspend the decision of this appeal till the trial of the case on its merits on circuit. If there be an appeal from the judgment in that case, this present appeal may be heard along with that; if there be no such appeal, either party, or both parties, may apply to this Court for leave to use, in the hearing in this Court, such parts of the record of the Court below as will serve to elucidate the issues involved in this appeal.

It is so ordered.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.