14676

MATHESON *ET AL.* v. McCORMAC *ET AL.*

(196 S. E., 883)

*Mr. J. J. Evans,* for appellants, 

*Messrs. Tison & Miller,* for respondents, 

April 28, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This cause was heretofore before this Court, and the clarifying statement then made by Justice Bonham makes unnecessary an extended statement now. See *Matheson v. McCormac et al.,* 195 S. E., 122.

In 1932, Alexander J. Matheson, Sr., left this State with a young woman, abandoning his family. His wife thereafter brought an action against him in receivership, served one claimed to be an agent of the absconded husband, and attempted thereby to bring into the jurisdiction of the Court considerable and valuable property belonging to the husband. By a final order this property was attempted to be vested in the wife and children who had been brought into the cause, and a separate organization ordered set up to run the gasoline and oil business. In 1937 the wife and children sought to sell this business and certain property connected with it to C. L. McCormac and L. E. Hassinger, and thereabout brought their suit claiming a fee-simple, marketable title by virtue of this order of the Court of Common Pleas.

McCormac and Hassinger, while desiring to purchase, amongst other exceptions, challenged the jurisdiction of the Court on various grounds, and on appeal this Court held that neither jurisdiction of the defendant nor of the subject-matter had ever been obtained, and hence the attempted vesting of the title and all proceedings had below in accordance with such final order were of no effect and necessarily void.

Upon the filing of this decision the wife of the absconded Matheson again brought suit against her husband, but this time regularly attached his property, served him by publication, made every one who could possibly have any interest parties and with meticulous care followed the rules announced by the former decision of this Court. Alexander J. Matheson, Sr., defaulted and the cause proceeded to final decree, whereby a lump sum judgment, or settlement in gross, was awarded plaintiff and her children, as theretofore had been attempted, and by which the children were adequately cared for on a basis equitably fair and right under the most unusual circumstances of the case.

Another suit was then brought against McCormac and Hassinger, again seeking the approval of the Court in carrying out the contract with them, carried forward by agreement and modified only as to its effective date. The defendants answered as before, and again said they desired the consummation of the contract but for protection of their every right challenged the former proceedings and the jurisdiction of the Court of Common Pleas. From an order upholding such former proceeding in attachment, and with due service by publication, they now appeal by eight exceptions.

All these exceptions except No. 7 are completely answered by the record, and the decision in *Matheson et al. v. McCormac et al., supra,* and hence need not be separately or further considered.

Exception No. 7 challenges that portion of the final decree in the attachment proceedings, whereby the sheriff was ordered to make his deed to the wife and children without first advertising as provided for judicial sales and property attached. The record is conclusive that this could have served no useful purpose; that no one was, or could possibly thereby be, injured. The Court had acquired full and complete jurisdiction for all purposes of its final decree, and it became the law of the case.

That a decree from which no appeal is taken becomes the law of the case in all subsequent proceedings involving the same parties and the same subject-matter is the well-settled law in this State, and it is therefore unnecessary to enter upon any extended discussion of this postulate. There are numerous decisions of this Court to this effect, among which are: *Kerchner v. Singletary*, 15 S. C., 535; *Hunter v. Ruff*, 47 S. C., 525, 25 S. E., 65, 58 Am. St. Rep., 907; *Virginia-Carolina Chemical Co. v. Hunter et al.*, 97 S. C., 31, 81 S. E., 190; *Bowling v. Mangum*, 122 S. C., 179, 115 S. E., 212.

All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.