15973

KNIGHT v. KNIGHT
(43 S. E. (2d) 610)

*Messrs. Hemphill & Hemphill,* of Chester, for Appellant,

*Messrs. Gregory & Gregory,* of Lancaster, for Respondent,

July 23, 1947.

OxNER, J.: This is an appeal from an order allowing respondent, the wife of appellant, alimony *pendente lite* and suit money.

In 1915 appellant and respondent were married in Lancaster County, South Carolina. They lived there until they separated in 1942 or 1943. Appellant then moved to the State of North Carolina where he has since resided. In December, 1944, respondent, a resident of Lancaster County, South Carolina, brought this action against her husband, a resident of North Carolina, for permanent alimony. She also asked for an award of temporary alimony and that her attorneys be allowed a reasonable fee for prosecuting the action. She alleged in her complaint that in December, 1943, appellant without cause deserted and abandoned her and one of their minor children and had since failed to adequately provide for their support and maintenance. She also filed a verified petition alleging that appellant had disposed of

some of his property and was about to dispose of the remainder for the purpose of defeating her right to support and maintenance and asked that he be restrained during the pendency of the action from disposing of his property and be required to show cause why he should not pay alimony *pendente lite* and suit money, On December 15, 1944, Judge Gaston, upon the verified complaint and petition, issued an order requiring appellant to show cause before him on December 29, 1944, why he should not be required to pay alimony *pendente lite* and counsel fees and at the same time issued a temporary injunction restraining appellant from removing any of his property beyond the jurisdiction of the Court.

At the time of filing the summons, complaint and petition, respondent, upon the usual affidavit, applied for a warrant of attachment against the property of appellant. The warrant was duly issued by the Clerk of Court and on December 18th the sheriff attached all the real estate and personal property owned by appellant in Lancaster County. On December 20th appellant through his counsel appeared specially, reserving the right to object to the jurisdiction of the Court, for the purpose of filing a bond to secure the release of the property attached. On December 21, 1944, a $5,000.00 bond tendered by appellant was accepted and the property released.

The summons and complaint were served personally upon appellant at Charlotte, N. C., on December 28, 1944. On February 5, 1945, he gave notice of a motion to remove the case to the Federal Court. On February 8th appellant, reserving the jurisdictional objection, filed an answer alleging as a defense for leaving his home that his wife in 1942 committed adultery whereupon he notified her "that she had forfeited all of her rights as" his wife and that she "could no longer live with" him. Thereafter the case was removed to the Federal Court on motion of appellant. On October 17, 1946, the United States District Court, on motion of respondent, remanded the case to the Court of Common Pleas for Lancaster County.

On October 19, 1946, Judge Lewis, who was then presiding in the Sixth Circuit, upon the verified complaint and petition previously filed, issued an order requiring appellant to show cause before him on October 28th why he should not be required to pay temporary alimony and suit money. (Apparently there was never any hearing on a similar rule to show cause which had been issued by Judge Gaston.) The order was forwarded to appellant's counsel who accepted service on October 22nd. The hearing before Judge Lewis was had on October 30, 1946. Appellant's counsel first raised the question of jurisdiction, contending that the Court was without jurisdiction to entertain the motion for alimony *pendente lite* because appellant was a resident of North Carolina and had not been personally served with process within this State. The Court overruled the objection to the jurisdiction of the Court and then heard the question of alimony *pendente lite* on the merits. The only testimony offered at the hearing was the record of a North Carolina divorce proceeding instituted by appellant against his wife for the purpose of procuring a divorce on the ground of adultery. This record disclosed that the divorce proceeding was contested by respondent and the jury found in her favor on the issue of adultery. Thereupon the North Carolina Court decreed that appellant was not entitled to a divorce and dismissed the action.

On November 11, 1946, Judge Lewis issued an order requiring appellant, during the pendency of the action and until the further order of the Court, to pay to his wife alimony in the sum of $100.00 per month and to also pay a fee of $400.00 to respondent's counsel. This appeal followed.

We shall first discuss the jurisdictional question. Appellant argues that an order for alimony *pendente lite* is solely one *in personam*; that such an order is interlocutory in character and not a final and conclusive judgment enforceable by levy and execution; and that the only method of enforcing such an order is by civil contempt. It is contended that the Court having not acquired jurisdiction of the per-

son of appellant, it was without jurisdiction to entertain the motion for temporary alimony and counsel fees. The Court below overruled the jurisdictional objection under the authority of *Matheson et al. v. McCormac et al.* (first appeal) 186 S. C. 93, 195 S. E. 122; (second appeal) 187 S. C. 260, 196 S. E. 883.

While substituted service on a nonresident by publication or actual service out of the state furnishes no legal basis for a judgment *in personam*, a state has power to provide that the property within the state of a nonresident defendant may be seized and applied to satisfy the defendant's marital obligation to support his wife, just as it may be seized and applied in satisfaction of any other obligation. Constructive service of process or personal service outside the state will give the court jurisdiction to render a decree for alimony or maintenance which is binding upon property belonging to such defendant which is within the jurisdiction of the court and which has been specifically proceeded against. *Forrester v. Forrester,* 155 Ga. 722, 118 S. E. 373, 29 A. L. R. 1363; *Geary v. Geary,* 272 N. Y. 390, 6 N. E. (2d) 67, 108 A. L. R. 1293; *Artman et al. v. Artman,* 111 Conn. 124, 149 A. 246; 17 Am. Juris. page 424; 27 Am. Juris. page 27. Numerous other cases supporting this well established principle are collected in annotations found in 29 A. L. R. 1381, 64 A. L. R. 1392, and 108 A. L. R. 1302. Such a proceeding is substantially one *in rem* or *quasi in rem* and it is, therefore, essential that the property proceeded against be brought within the custody and control of the court in some manner. This may be done by attachment, injunction, or other appropriate proceeding whereby the court is enabled to seize and take possession of the property of such nonresident. In holding that the property of a nonresident husband served only by publication may be seized to enforce the payment of alimony, the Court, in *Pennington v. Fourth National Bank,* 243 U. S. 269, 37 S. Ct. 282, 283, 61 L. Ed. 713, L. R. A. 1917-F 1159, said: "The power of the state to proceed against the

property of an absent defendant is the same whether the obligation sought to be enforced is an admitted indebtedness or a contested claim. It is the same whether the claim is liquidated or is unliquidated, like a claim for damages in contract or *in tort*. It is likewise immaterial that the claim is, at the commencement of the suit, inchoate, to be perfected only by time or the action of the court. The only essentials to the exercise of the state's power are presence of the *res* within its borders, its seizure at the commencement of proceedings, and the opportunity of the owner to be heard. Where these essentials exist, a decree for alimony against an absent defendant will be valid under the same circumstances and to the same extent as if the judgment were on a debt—that is, it will be valid not *in personam*, but as a charge to be satisfied out of the property seized".

Accordingly, it was held in *Matheson v. McCormac, supra*, that in a suit by a wife for the support of herself and children against her husband who has absconded and disappeared, where the defendant was served by publication and his property within the State was attached in the proceeding, the Court was empowered to award alimony in a lump sum and appropriate the attached property in satisfaction of the amount of alimony awarded.

Appellant apparently concedes under the authority of the *Matheson case* that the property attached in this action could be applied in satisfaction of a decree against him for permanent alimony but contends that it could not be applied to the payment of an order for alimony *pendente lite* and counsel fees. There are decisions holding that an order for temporary alimony is interlocutory in character and as such does not constitute a judgment on which execution can be issued. 17 Am. Jur., page 445; 27 C. J. S., Divorce, § 265, page 1060. There are other decisions to the effect that payment of accrued installments may be enforced by execution. *Vaughan v. Vaughan*, 211 N. C. 354, 190 S. E. 492; *Paul v. Paul*, 121 Kan. 88, 245 p. 1022, 46 A. L. R. 1197; *Fauver v. Hemperly*, 178 Ga. 424, 173 S.

.E. 82. Upon this question an annotation in 154 A. L. R. 530 upon a closely related subject is of interest. We need not, however, further pursue this particular phase of the subject as it is not sought in the instant case to sell appellant's property under an ordinary execution. The immediate question before us is whether a court of equity is empowered to appropriate property brought under its control in satisfaction of a decree for the payment of temporary alimony and counsel fees. The Supreme Court of North Carolina, in *Bailey v. Bailey,* 127 N. C. 474, 37 S. E. 502, 503, held that an order granting temporary alimony and attorneys' fees against a defendant who was out of the State and beyond the jurisdiction of the Court "may be enforced against his property found within the jurisdiction of the court". The distinction sought to be drawn by appellant between an order for temporary alimony and one for permanent alimony as applied to the principles under discussion seems to us without legal significance. Each has essentially the same purpose and is based on the same concept, that is to say, the enforcement of the common-law obligation of the husband to support his wife. The court's continuous power to modify both is the same. *Johnson v. Johnson,* 196 S. C. 474, 13 S. E. (2d) 593, 134 A. L. R. 318; *Jeter v. Jeter,* 193 S. C. 278, 8 S. E. (2d) 490; *Armstrong v. Armstrong,* 185 S. C. 518, 194 S. E. 640. No good reason appears why both may not be enforced in the same manner. The weight of authority is to the effect that installments of alimony, temporary and permanent, become vested when due. 27 C. J. S., Divorce, § 276, pages 1089 and 1090. Whether an order for alimony *pendente lite* be considered as an interlocutory order or in the nature of a final judgment, it is for a fixed sum due and payable. Until modified, the obligation to pay the installments according to the terms of the order possesses all the essential elements of a final judgment. *Poeter v. Poeter,* 194 A. 792, 15 N. J. Misc. 691.

Appellant concedes that such an order may be enforced by civil contempt where the court has acquired jurisdiction of the person of the defendant.

Under appellant's theory the order in the instant case could not be enforced against him by contempt proceedings because he was served with process in North Carolina and it could not be enforced against his property within the State because of the nature of an order for temporary alimony. In other words, under appellant's view a court of equity is powerless to enforce an order for alimony *pendente lite* where it has not acquired jurisdiction over the person of the husband although the wife is a resident of this State and the husband has valuable property within the jurisdiction of the court. But we think such a restriction on the general chancery powers of a court of equity is not warranted.

We have discussed the jurisdictional question on the assumption that appellant has not made a general appearance. Whether the giving of the bond to secure a release of the attachment and the filing of an answer on the merits before the Circuit Court had passed on the jurisdictional objection constituted a general appearance and waiver of jurisdiction under the recent decision of this Court in *South Carolina State Highway Department v. Isthmian Steamship Co.,* S. C. 43 S. E. (2d) 132, is not among the questions raised on this appeal and we intimate no opinion thereabout.

The remaining exceptions do not require extended discussion. It is contended that Judge Lewis erred in issuing the rule to show cause "upon the verified complaint and petition alone, and without having before him supporting petitions or affidavits". It is well recognized in this State that such an order may be issued upon a verified complaint. It was so held in *Judy v. Judy,* 160 S. C. 271, 158 S. E. 542. It is argued that the complaint and petition had been filed almost two years before Judge Lewis issued his order and, meanwhile, there may have been some change in condition or the status of the parties. If so, appellant had an opportunity to show it in his return. Although the question was not raised by the exceptions, appellant contends that he was entitled to notice of the application for the order.

We think not. The rule to show cause contained no restraining order or injunction. No rights of appellant were passed upon or determined by the order. He had a full opportunity to be heard on the return date.

The other exceptions relate to the merits of the issue of temporary alimony. It is said that the Court erred in admitting in evidence the record of the North Carolina divorce proceedings because appellant had not been previously notified that respondent would offer this record and that the Court properly had before it only the verified pleadings upon which alone alimony *pendente lite* could not be awarded under the case of *Judy v. Judy, supra*. The pendency of the divorce proceedings was referred to by both parties in their pleadings and it is difficult to see how appellant could have been surprised by the contents of this record. If he had indicated to the Court a desire to offer any evidence in reply, no doubt he would have been given the opportunity to do so. He made no return and offered no affidavits or testimony at the hearing. Apart from this, however, we think under the pleadings in this case the respondent made out a *prima facie* case when appellant offered no testimony.

It is admitted that appellant left the home. He states in his answer that he had notified respondent that she could no longer live with him and that "she had forfeited all of her rights as his wife". His defense is that she committed adultery. This is an affirmative defense and the burden was upon him to show the truth of the charge. *Perkins v. Perkins,* N. J. Ch., 42 A. 336. Also see *Gordon v. Gordon,* 91 S. C. 245, 74 S. E. 360.

It is next contended that the evidence was not sufficient to justify the amount of temporary alimony allowed. There was no evidence before the Court as to the income of appellant. Respondent alleged in her complaint that she had "no means of supporting herself" and that appellant owned "considerable real estate and personal prop-

erty and has a considerable income therefrom". Appellant admitted in his answer that he owned "some real estate and personal property and that he has a reasonable amount of income therefrom". The Court below stated that the record disclosed that the property attached was worth $10,000.00. The record before us is silent on that question. As previously stated, the bond given by appellant to release the attachment was in the sum of $5,000.00. Appellant did not attend the hearing and respondent had no opportunity to examine him. Under all the circumstances we are unable to say that the amount allowed constitutes an abuse of discretion on the part of the trial Judge.

Finally it is contended that the Court below erred in attempting "to decide the issue of adultery until a hearing was had upon the main suit". We do not construe the order of the lower Court as deciding this issue. The Court only determined that respondent had established a *prima facie* case. Nothing said by the lower Court or by us should be construed as intimating any opinion upon the merits of the controversy. It should also be stated that we express no opinion as to the force and effect which should be given, when this case is tried on the merits, to the finding of fact made in the North Carolina divorce proceeding on the question of adultery.

Judgment affirmed.

BAKER, CJ., FISHBURNE, STUKES and TAYLOR, JJ., concur.