18901

Dorothy B. CARNIE, Respondent, v. Sidney K. CARNIE, Appellant

(167 S. E. (2d) 297)

*Messrs. Berry, Lightsey, Gibbs & Bowers,* of Columbia, and *Wendell O. Adams,* of Walterboro, *for Appellant,*

*Messrs. Jefferies, McLeod, Unger & Fraser,* of Walterboro, *for Respondent,*

*Messrs. Berry, Lightsey, Gibbes & Bowers,* of Columbia, and *Wendell O. Adams,* of Walterboro, *for Appellant, in reply,*

April 8, 1969.

BUSSEY, Justice.

This is a divorce action instituted in the Civil and Criminal Court of Colleton County, the appeal being from an order of that court denying the appellant-husband's motion, made on special appearance, to set aside the provisions of the divorce decree with respect to alimony, child support and counsel fees.

The plaintiff-respondent wife apparently is a life-long resident of South Carolina, except for the years she lived with her husband outside of the State of South Carolina. Since the summer of 1963 she has been living with her mother in Colleton County. The husband, in military service, has at all times been a non-resident of South Carolina and there is no suggestion in the record that he now owns or has ever owned any property in the State of South Carolina. The parties were married at the home of the wife in Green Pond, South Carolina, in December, 1956, and two children were born of the marriage. They separated in the sum-' mer of 1963, at which time they owned a home in Virginia. On October 30, 1963, they entered into a separation agreement which recited that they had lived separate and apart "since July 4, 1963, and intended to continue living separate and apart." The first numbered paragraph of the agreement is as follows:

"That the parties hereto shall live separate and apart and shall be free from hindrance and interference, one from the other."

The agreement then went on to provide for the wife having the custody of the children, with visitation rights to the husband; that the husband would pay the wife $100.00 a month for her support; and the sum of $100.00 a month for each of the children. The agreement further provided for a settlement of all property rights, including the division of the proceeds of the sale of their home in North Springfield, Virginia. The husband also agreed to maintain life insurance in the amount of $23,000.00 for the benefit, primarily, of the children. The husband has performed and continues to perform such agreement.

This action, in which the wife sought a divorce on the ground of desertion, was commenced in 1965 and resulted in a decree of divorce dated September 10, 1965. The separation agreement, hereinabove referred to, was introduced in evidence, and the court held that the support provided therein was inadequate and ordered the husband to pay

the wife $200.00 per month for each child in addition to $100.00 per month as alimony for the wife, and ordered the payment to the wife's counsel of the sum of $350.00 attorney's fees. The record reflects that at the commencement of this action plaintiff's counsel forwarded by mail to the husband (then outside of the State) a copy of the summons and complaint, and it is not contended that the husband did not receive such. The record does not reflect that any order for service by publication, pursuant to statute, was obtained, and at least a reasonable inference, from the record and briefs of counsel, is that no such order was obtained.

On or about February 21, 1967, the husband appeared specially for the sole purpose of moving that the court strike the provisions of the divorce decree with respect to alimony, child support and attorney's fees, upon the ground that the court lacked personal jurisdiction of him and, therefore, did not have the authority to impose a personal judgment upon him. He did not challenge the divorce decree itself or its provisions with respect to the custody of the children. Such motion was denied by order dated September 15, 1967. For some unexplained reason, the appeal from such order did not reach this court until the December 1968 term.

Whatever the effect, if any, of simply mailing a copy of the summons and complaint to the husband in Tehran, Iran, it is quite clear that he was not personally served with any process within the jurisdiction of this state, and did not submit himself to the jurisdiction of the court. Such being the case, the lower court was, we think, clearly in error in denying such relief sought by the husband.

"It is a fundamental principle that a judgment affecting personal rights must be founded on service of process, within the territorial jurisdiction of the court on the party to be affected. Accordingly, a valid personal judgment cannot be rendered against a nonresident based on process

served on him beyond the limits of the state from whose courts the process issued, and such a judgment cannot be authorized constitutionally even by express statute." 49 C.J.S. Judgments § 24d, p. 56; *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565; *Vanderbilt v. Vanderbilt,* 354 U. S. 416, 77 S. Ct. 1360, 1 L. Ed. (2d) 1456.

Decisions of this state are in accord with the foregoing. See *Dyar v. Georgia Power Co.,* 173 S. C. 527, 176 S. E. 711 (1934); *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323 (1963); *Tillinghast v. Boston & P. R. Lumber Co.,* 38 S. C. 319, 17 S. E. 31 (1893).

Under the entire weight of authority, a decree awarding simply a divorce, dissolving the marital status of the parties, is a judgment in rem, and for such purpose the jurisdiction of a nonresident may be obtained by constructive service. On the other hand, a divorce decree which grants, in addition to the divorce, alimony, child support and attorney's fees against a non-resident defendant personally is, to that extent, a judgment in personam, which may not be rendered without jurisdiction of the person of the defendant.

"Owing to the fact that an action for divorce is in the nature of a proceeding in rem, under certain circumstances a court may render a valid decree of divorce although it never acquired actual jurisdiction of the person of the defendant. Such jurisdiction, however, although sufficient to support a decree changing the marital status, will not necessarily sustain a judgment for alimony and costs. A decree for the payment of money as alimony or for the payment of costs is void in the absence of actual jurisdiction over the person or property of the one against whom it is awarded." 24 Am. Jur. (2d) 663, Divorce and Separation, Sec. 542.

"While, under statute, a personal judgment for alimony and costs may properly be entered against a resident defendant who has been served by publication, it is well settled, in accord with the general rules applicable in other

cases, that a decree for alimony and costs against a nonresident defendant cannot be based upon constructive service except as against property which may be found within the jurisdiction of the court specifically proceeded against in the divorce proceeding, and described in the complaint or petition for divorce. In other words, constructive service in itself, whether made by publication or by actual service of process upon the defendant outside the state, is insufficient to give jurisdiction to render a judgment for alimony against a nonresident which will be binding upon him except as to his property within the jurisdiction." 24 Am. Jur. (2d) 665, Divorce and Separation, Sec. 544.

"Insofar as the elements of jurisdiction are concerned, there is no difference in principle between orders for the payment of child support and orders for the payment of alimony. While a court may gain jurisdiction to grant a divorce on constructive service, it cannot gain jurisdiction upon such a service which will support a judgment binding the party served personally, at least not if he is a nonresident." 24 Am. Jur. (2d) 939, Divorce and Separation, Sec. 828.

The principles of law embodied in the foregoing quotations have been recognized and/or applied by this court in the cases of *Matheson v. McCormac,* 187 S. C. 260, 196 S. E. 883 (1938), 186 S. C. 93, 195 S. E. 122 (1938); and *Knight v. Knight,* 211 S. C. 25, 43 S. E. (2d) 610 (1947). In each of those cases the property within the state of a nonresident defendant was subjected to the payment of his obligations for alimony and child support, but the court, in each instance, recognized that its jurisdiction was dependent upon the existence of property within the state and that it had no jurisdiction to enter *in personam* decrees against the absent defendants, in the absence of personal jurisdiction.

That husband has not challenged the provision of the divorce decree granting the wife a divorce and custody of the children, and ordinarily we end our

opinions after deciding the questions presented on appeal. The record in the instant case requires, however, we think, further comment. All too frequently we have occasion to see records in divorce cases, particularly in default cases, wherein there has been ignored the well established proposition that the state itself is a silent party to all divorce proceedings and that it is the duty of the court to protect the interest of the state therein. This is such a record. There is at least grave doubt that the lower court here acquired jurisdiction, by the service of any process in accordance with the applicable statutes, to grant any relief whatever to the plaintiff wife.

The evidence offered by the wife as to all material facets of the case was quite scanty and at best of doubtful sufficiency, particularly in the light of the separation agreement between the parties, to prove her entitlement to any of the relief which she sought and was granted. See *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629 (1951). In the face of such scanty evidence the court did not bother to ask her even a single question and proceeded to grant her precisely what she asked for. Bearing in mind the interest of the state in the proceeding, the record here strongly suggests that this court should, of its own motion, reverse and set aside the entire decree. We refrain from doing so, however, in view of the great length of time which has elapsed since the entry of the original decree and the resultant possibility of an innocent party having acted, in the meantime, in reliance upon the decree as entered.

The order appealed from, however, is for the reasons hereinabove set forth,

Reversed.

Moss, C. J., and Lewis and Brailsford, JJ., concur.

Littlejohn, J., concurs in result.

LITTLEJOHN, Justice (concurring in result):

The mailing of a summons and complaint to the defendant in Iran did not give to the court any jurisdiction whatsoever. The entire decree of the court below was a nullity, and I would so hold. I therefore concur in the result of the opinion of Mr. Justice BUSSEY.