22577

Nellie W. CROWE, Respondent v. Norman Junior CROWE, Appellant.
(345 S. E. (2d) 498)

Supreme Court

*Glenn W. Thomason*, of *Long, Thomason & Mullinax*, Anderson, *for appellant.*

*Bruce A. Byrholdt*, of *Chapman, King & Byrholdt*, Anderson, *for respondent.*

Submitted May 21, 1986.

Decided June 16, 1986.

CHANDLER, Justice:

Norman Junior Crowe (Husband) challenges the jurisdiction of the Family Court to grant Nellie W. Crowe (Wife) alimony and attorney's fees. The Family Court held it had personal jurisdiction over him.

We agree and affirm.

## FACTS

Husband and Wife were married in South Carolina in 1961, and established a marital home in Anderson County. Husband's two children by a prior marriage lived with the parties.

Husband abandoned Wife and his children in 1964. He moved to Georgia, where he has since lived.

In 1984, Wife filed a petition for divorce on the ground of desertion. She also prayed for alimony and attorney's fees. Husband was personally served in Georgia, but did not answer or appear at the hearing. A default judgment granting the divorce, alimony of $50 per week and $500 attorney's fees was entered on August 9, 1984. Husband did not appeal.

Husband failed to make the required payments, and the Family Court issued a Rule to Show Cause why he should not be held in contempt. Husband made a special appearance. While conceding jurisdiction of South Carolina to grant Wife the divorce, he contends there was no jurisdiction to enter a personal judgment against him for alimony and attorney's fees.

## ISSUE

Did the Family Court have personal jurisdiction over Husband?

## DISCUSSION

A judgment, void for lack of jurisdiction over a defendant, may be collaterally attacked in a second proceeding unless the jurisdictional question has already been adjudicated between the parties. 49 C.J.S. *Judgments,* §§ 19 and 421 (1947); *Davis v. St. Paul-Mercury Indemnity Co.,* 294 F. (2d) 641 (4th Cir. 1961). *See also Webster v. Clanton,* 259 S. C. 387, 192 S. E. (2d) 214 (1972); *Dillon Tire Service, Inc. v. Pope,* 243 S. C. 293, 133 S. E. (2d) 813 (1963). Here, the question of jurisdiction is not res judicata because Husband did not appear to contest jurisdiction in the divorce action. No rights were waived. *Cf. Eaddy v. Eaddy,* 283 S. C. 582, 324 S. E. (2d) 70 (1984) (legislator's immunity waived by his participation in a hearing).

Accordingly, the determination to be made is whether Husband's contacts with South Carolina are sufficient to establish personal jurisdiction over him. *See Kulko v. Superior Court of California,* 436 U. S. 84, 98 S. Ct. 1690, 56 L. Ed. (2d) 132, *reh'g denied,* 438 U. S. 908, 98 S. Ct. 3127, 57 L. Ed. (2d) 1150 (1978).

South Carolina was the parties' last matirimonial domicile, and the place where Husband's conduct created the cause of action for divorce. It has remained the domicile of Wife and Husband's children, and the state in which their living expenses have been paid. Husband's move to Georgia was voluntary.

On facts similar to those here, other courts have held personal jurisdiction exists. *See, e.g., Bunker v. Bunker,* 261 Ark. 851, 552 S.W. (2d) 641 (1977); *Plucker v. Plucker,* 338 N.W. (2d) 842 (S.D. 1983); *Prybolski v. Prybolski,* 430 A. (2d) 804 (Del. Fam. Ct. 1981).

Husband's reliance on *Carnie v. Carnie,* 252 S. C. 471, 167 S. E. (2d) 297 (1969) is misplaced. In *Carnie,* the parties' *last marital residence was in Virginia.* We held no personal jurisdiction existed in South Carolina over the husband, who remained a Virginia resident.

Husband further contends that the 20 year passage of time has so attenuated his connections with South Carolina that its courts have no personal jurisdiction over him. We disagree.

Since their abandonment, Wife and Husband's children have been domiciled in South Carolina. Husband's duty to support Wife has continued throughout this entire 20 year period; his duty to support his children continued during their minority.

We hold personal jurisdiction exists.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.