1222

Frank Boyd KELLER, Appellant v. Diane G. KELLER, Respondent.

(373 S. E. (2d) 692)

Court of Appeals

*David P. McCann*, Charleston, *for appellant.*

*John B. Thomas*, Charleston, *for respondent.*

Submitted Sept. 15, 1988.

Decided Oct. 24, 1988.

SANDERS, Chief Judge:

The Family Court granted respondent Diane G. Keller a divorce from appellant Frank Boyd Keller and ordered him to pay her alimony and child support. Mrs. Keller thereafter petitioned the Court for an increase in the amounts ordered. Mr. Keller moved to dismiss her petition on the grounds that he is a resident of Virginia, that he has never appeared in South Carolina in connection with any action and that "[t]he Court lacks in personam jurisdiction over the Respondent and therefore the action is barred under Rule 12(b)(2) of the South Carolina Rules of Civil Procedure." The Court denied his motion. Mr. Keller appeals. We affirm.

The parties were married on June 1, 1968, in South Carolina. Mr. Keller was then and is now in the Navy. Immedi-

ately after their marriage, they left the state and resided in various other states where their two children were born. Both children are minors: They returned to South Carolina in February, 1975, just before Mr. Keller was transferred to the Philippines. Mrs. Keller and the children have resided in South Carolina since then. There was no cohabitation between the parties from that time to January, 1979, when they were divorced.

The dispositive issue on appeal is whether Mr. Keller has "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Kulko v. Superior Court of California*, 436 U. S. 84, 92, 98 S. Ct. 1690, 1696-97, 56 L. Ed. (2d) 132, 141 (1978), citing *International Shoe Co. v. Washington*, 326 U. S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 102 (1945), quoting *Milliken v. Meyer*, 311 U. S. 457, 463, 61 S. Ct. 339, 342, 85 L. Ed. 278, 283 (1940).

In making this determination, consideration must be given to the interests of the forum state as well as the interests of the plaintiff in proceeding with the case in the forum chosen by the plaintiff. *Kulko*, 436 U. S. 84, 98 S. Ct. 1690, 56 L. Ed. (2d) 132, citing *McGee v. International Life Ins. Co.*, 355 U. S. 220, 78 S. Ct. 199, 2 L. Ed. (2d) 223 (1957). "An essential criterion is whether the 'quality and nature' of the activity of the defendant make it 'reasonable' and 'fair' to require him to conduct his defense in that State." *Id.* 436 U. S. at 93, 98 S. Ct. at 1697, 56 L. Ed. (2d) at 142, quoting *International Shoe*, 326 U. S. at 316-17, 319, 66 S. Ct. at 158, 159, 90 L. Ed. at 102-03, 104; *accord, Shaffer v. Heitner*, 433 U. S. 186, 97 S. Ct. 2569, 53 L. Ed. (2d) 683 (1977); *Perkins v. Benguet Consol. Mining Co.*, 342 U. S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952).

In *Kulko*, the Supreme Court held that the California court could not exercise "*in personam* jurisdiction over a nonresident, nondomiciliary parent of minor children domiciled within the State." *Kulko*, 436 U. S. at 86, 98 S. Ct. at 1694, 56 L. Ed. (2d) at 137. However, the facts on which the Supreme Court based its decision are materially different from the facts in the instant case. There, the father had been in California on only two occasions, once for a three-day military stopover on his way to Korea and again for a

24-hour stopover on his return. He and the mother of the children were married in California on one of his two brief visits, but they were domiciliaries of New York at the time and thereafter spent their entire married life in that state. The California court based jurisdiction on the fact that the father had acquiesced in the stated preference of one of the children to live with her mother in California. The Supreme Court reversed, declining to accept this single act as a basis for jurisdiction of the California court.

In the instant case, not only is it undisputed that Mr. and Mrs. Keller were married in South Carolina but, more importantly, it is undisputed that they and their children were last together as a family in this state. It is also undisputed that the period of separation which ultimately led to their divorce began when Mr. Keller left South Carolina and that Mrs. Keller and the children have resided in this state ever since. It is obviously in the interest of Mrs. Keller to proceed in South Carolina, the state in which she and the children reside. The interest of South Carolina in having its residents supported is equally obvious. It is reasonable and fair, under the circumstances, to require Mr. Keller to proceed in this state. Based on these facts, we conclude that he has the requisite minimum contacts with South Carolina.

The result that we reach in the instant case is supported by the decision of our Supreme Court in *Crowe v. Crowe*, 289 S. C. 330, 345 S. E. (2d) 498 (1986). There, a husband and wife were married in South Carolina and established a marital home in this state. Two children of the husband by a prior marriage lived with them. The husband abandoned the wife and his children, moving to Georgia where he continued to live. Twenty years later, the wife filed a petition for divorce on the ground of desertion. The Court concluded that South Carolina had *in personam* jurisdiction over the husband based on the fact that:

> South Carolina was the parties' last matrimonial domicile, and the place where Husband's conduct created the cause of action for divorce. It has remained the domicile of Wife and Husband's children, and the state in which their living expenses have been paid. Husband's move to Georgia was voluntary.

*Id.* at 332, 345 S. E. (2d) at 499. The Court rejected the argument of the husband "that the 20 year passage of time has so attenuated his connections with South Carolina that its courts have no personal jurisdiction over him." *Id.* The rejection of this argument was based on the further fact that: "Husband's duty to support Wife has continued throughout this entire 20 year period; his duty to support his children continued during their minority." *Id.* Although not precisely the same, the facts in the instant case are comparable to the facts on which the Court based its decision in *Crowe.*

For these reasons, the order of the Family Court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.