JOANOS, Judge.
Appellant, the former wife in a proceeding to enforce the child support provision of a South Carolina divorce decree, appeals an order of the trial court which vacated the registration of the foreign support judgment.
The parties were married to each other in South Carolina on September 12, 1946. The parties’ marriage was dissolved pursuant to a divorce decree filed November 8, 1972, in the Family Court of Lexington County, South Carolina. At that time, the Code of Laws of South Carolina contained a provision authorizing constructive service on a resident of the state for purposes of an award of child custody, or for support of minor children or wife. See S.C.Code Ann. § 10-451 (1962). The divorce decree here at issue indicates the former wife and her attorney were before the South Carolina court at the final hearing, but the former husband was not present and was not represented by counsel. The divorce decree included a finding that the former husband was served in accordance with the procedure set forth in the South Carolina Code, “and that the Defendant in this action cannot, after due diligence, be found within the State of South Carolina, that the residence and whereabouts of the Defendant are unknown and cannot with reasonable diligence be determined or ascertained.” The South Carolina family law judge found that three of the parties’ four children had attained their majority, one child was a minor living at home, and the parties last lived together as husband and wife in South Carolina. A divorce was granted on the basis of a separation for -more than three years, custody of the minor child was placed with the former wife, and the former husband was ordered to pay the sum of $600.00 per month “as child support and alimony.” Paragraph 7 of the decree stated:
7. That the Defendant be and he is hereby granted the right to have visitation privileges with the minor child, provided he makes the support payments and applies to the Court for definite visitation privileges.
On July 25, 1991, the former wife, now a resident of Georgia, filed a notice of registering a foreign support order in Gadsden County Circuit Court, seeking support allegedly unpaid by the former husband, currently a Florida resident. By this notice, the former wife sought unpaid support in the amount of $76,500.00, exclusive of interest. The former husband filed a response and affirmative defenses, admitting both the amount of the award and that no payment had been made, but denying that he was in arrears in payment of support or that he was responsible for interest and attorney’s fees. As affirmative defenses, the former husband alleged (1) fraud in securing the original order, in that the former wife was aware of the former husband’s residence and address at the time of the dissolution but did not serve him personally; (2) illegality, in that the award of $600.00 per month was both alimony and child support, the former wife remarried shortly after entry of the judgment and had no legal entitlement to the alimony portion of the award after that time, and the minor child reached majority years *655 before, precluding collection of sums outstanding after the child’s majority; and (3) estoppel, laches, waiver and release, in that the judgment at issue was entered nineteen years ago, the minor child attained majority nine years ago, and neither the former wife nor the child made any effort to enforce the judgment during the preceding nineteen years. The former husband farther alleged that the former wife told him he did not have to pay support in return for surrendering his visitation rights.
Both parties testified at the hearing held on the notice of registering the foreign support order. The trial court concluded that in the absence of personal service, the South Carolina court did not have personal jurisdiction over the former husband, and thus could not adjudicate any support claims under South Carolina or Florida law. Without addressing the merits of any of the affirmative defenses raised by the former husband, the trial court entered a final judgment vacating the registration of the foreign support judgment. The former wife filed a motion for rehearing, raising as grounds therefor that the trial court misapprehended or overlooked law requiring the Florida court to give full faith and credit to the South Carolina divorce decree, and misapprehended South Carolina law. The trial court summarily denied the motion for rehearing.
When the subject divorce decree was issued, the South Carolina Code contained a provision authorizing service by publication upon a resident of the state for purposes of an award of child support or alimony, when service was effected in accordance with the procedure outlined in the statute. See S.C.Code Ann. § 15-9-710(2) and (8) (1976), replacing S.C.Code § 10-451 (1962). The distinction between service by publication upon a resident defendant, as opposed to a nonresident defendant, was recognized in the South Carolina decisions which the trial court cited as support for the ruling that the South Carolina court could not adjudicate the support issue, because it lacked personal jurisdiction over the former husband. See Carnie v. Carnie, 252 S.C. 471, 167 S.E.2d 297, 299 (S.C.1969); Knight v. Knight, 211 S.C. 25, 43 S.E.2d 610, 612 (S.C.1947); Matheson v. McCormac, 187 S.C. 260, 196 S.E. 883 (S.C. 1938).
Pursuant to Article IV, Section 1, the Full Faith and Credit clause of the United States Constitution, Florida courts must give full faith and credit to the judgments of other states so long as the foreign court had jurisdiction to enter the judgment. Therefore, the trial court was in error to conclude merely that in the absence of personal service, the South Carolina court did not have personal jurisdiction over the former husband, and thus could not adjudicate any support claims under South Carolina or Florida law.
We, therefore, reverse the judgment on appeal and remand to the trial court, for consideration of the affirmative defenses raised by appellee, but not ruled upon in the proceedings below.
BOOTH, J., concurs.
BENTON, J., dissents with opinion.