THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Rock Hill
 Investment Group, LLC, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Brenda
 Horton, Respondent.
 
 
 
 
 
 

Appeal From Jasper County
Thomas Kemmerlin, Jr., Special Referee 

Unpublished Opinion No. 2011-UP-165
 Submitted April 1, 2011  Filed April 14,
2011

AFFIRMED

 
 
 
 R. Thayer Rivers, Jr., of Ridgeland, for Appellant.
 Terry A. Finger, of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM: Rock Hill Investment Group, LLC (Rock Hill) appeals
 the order of Special Referee Thomas Kemmerlin, Jr. dismissing its action
 against Respondent Brenda Horton to collect a deficiency judgment and ordering
 that Horton's five percent deposit on the property she initially bid on at a
 judicial sale be forfeited.  On appeal, Rock Hill argues that a prior
 unappealed order from Special Referee Curtis Coltrane denying Horton's motion
 to set aside the judicial sale is controlling on all issues presented in Judge
 Kemmerlin's order.  In its second issue, Rock Hill argues that Judge
 Kemmerlin's order is not correct.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: 
1.  As to the first issue on appeal,
 we find that Judge Coltrane's order is not controlling on all issues presented
 in Judge Kemmerlin's order.  At the time of the hearing, Horton was not yet a
 party to an action between herself and Rock Hill because a deficiency did not
 exist at that time, nor would Horton have been aware that an action for
 deficiency would be brought against her.  As no action for deficiency would
 have been brought against her until the actual deficiency existed, a dispute
 concerning the "risk" to the noncomplying bidder would not be ripe
 for adjudication at the time of Judge Coltrane's hearing.  Furthermore, Judge
 Coltrane's order resulting from Horton's motion to set aside the judicial sale did
 not involve the same issues covered in Judge Kemmerlin's order.  See Colleton
 Cnty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cnty., 371 S.C. 224,
 242, 638 S.E.2d 685, 694 (2006) ("[A] justiciable controversy is a
 real and substantial controversy which is ripe and appropriate for judicial
 determination, as distinguished from a contingent, hypothetical or abstract
 dispute."); Matheson v. McCormac, 187 S.C. 260, ­_, 196 S.E.
 883, 884 (1938) ("[A] decree from which no appeal is taken becomes
 the law of the case in all subsequent proceedings involving the same parties and the same subject matter. . . .") (emphasis added); Prof'l
 Bankers Corp. v. Floyd, 285 S.C. 607, 613, 331 S.E.2d 362,
 365 (Ct. App. 1985) ("An appealable order from which no appeal is
 taken becomes the law of the case in all subsequent proceedings involving the
 same parties and the same subject matter . . . . However, the doctrine operates
 only as to matters concluded by the unappealed order.").  
2. As to the second issue
 on appeal generally asserting that Judge Kemmerlin's order was not correct, we
 decline to address this conclusory argument on its merits.  See Rule 208(b)(1)(B), SCACR ("Broad
 general statements [of the issues on appeal] may be disregarded by the
 appellate court."). 
AFFIRMED.
HUFF, SHORT,
 and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.