BAILEY v. BAILEY.

(December 22, 1900.)

1. *Divorce—Alimony—Mutual Releases—Attorney's Fees—The Code, Secs.* 1835, 1836.

> Mutual releases between husband and wife of their interests in the separate property of one another, does not bar the wife from making application for temporary alimony and attorney fee in a subsequent suit for divorce.

2. *Divorce—Alimony—Attorney Fee.*

> In a suit for divorce by the wife, the land of the husband, who is out of the State, may be charged with temporary alimony and attorney fees.

CIVIL ACTION by Hannah J. Bailey against Joel N. Bailey, heard by Judge *O. H. Allen,* at Chambers, in Asheville, September 29, 1900. From judgment and order granting plaintiff temporary alimony *pendente lite* and an attorney fee, and charging the same on the land of the defendant, the defendant appealed.

*Mark W. Brown,* and *Luther & Wells,* for the plaintiff.
*Sam'l H. Reed,* for the defendant.

MONTGOMERY, J.   The question before us arises upon an application for alimony *pendente lite.* The defendant, to defeat the application, offered in evidence a paper-writing properly executed between the plaintiff and the defendant. The preamble of the contract sets forth that the plaintiff and defendant, being anxious to adjust and settle all matters in reference to their separate property, have agreed among themselves "to convey, release, and quit-claim to each other, his or her heirs and assigns, all right of dower, all tenancy

by the curtesy, all right of tenancy by the curtesy, and all other rights which they, or either of them, respectively, may acquire, or may have acquired, by their marriage in the property of each other; and to that end the said Joel N. Bailey, for and in consideration of the premises," etc., "does hereby convey, release, and quit-claim, and by these presents has conveyed, released, and quit-claimed, unto the said Hannah J. Bailey, her heirs, and assigns, forever, all right to and estate in her lands and tenements as tenant by the curtesy, and all other rights which the said Joel N. Bailey might acquire, or may hereafter acquire, in and to the property, whether real or personal, of the said Hannah J. Bailey, by reason of said marriage." The said Hannah J. Bailey, in consideration of the premises and of the sum of $1,450 paid to her by her husband, Joel N. Bailey, "conveys and releases and quit-claims unto him, his heirs, and assigns, all claim of dower, all right of dower, and all other rights which she may acquire, or which she may hereafter acquire, or be entitled to in any manner whatever, by reason of her marriage with the said Joel N. Bailey, in and to all his real estate that he may now own, or hereafter may acquire, and also in and to all personal estate that he may now own, or may hereafter acquire." All of the provisions of section 1835 of The Code were complied with in the execution and probate of the contract. His Honor held that the contract was not a bar to the plaintiff's claim of alimony, and entered up a decree giving the petitioner a small monthly allowance and her attorney's fee. We see nothing in the contract which is against public policy. No separation is hinted at, even, and the matter seems to have been purely a business transaction in reference to the property owned by each of the parties to the instrument. It is a contract authorized by sections 1835 and 1836 of The Code. But the execution of the contract did not have the effect, if the wife con-

tinued to live with the husband, or if he abandoned her, to release him from her support—to furnish her with the necessaries of life. That was a duty which the law imposed upon him when the marriage was contracted, and no business arrangement concerning their several property could have the effect to relieve him from that obligation. In his judgment his Honor declared that it appeared to him that the complaint stated facts sufficient to entitle the plaintiff to divorce, and that the defendant has real property in the State of considerable value, and that it further appeared that the plaintiff is entirely dependent upon her own labor for support, and that she is old and in poor health. There was condemnation of so much of the land described in the complaint, to be sold by the receiver, as will be necessary to pay the amount allowed as alimony. There can be no objection to that order, for the defendant is out of the State and beyond the jurisdiction of the Court. If he refuses to obey the order of the Court under such circumstances, such order may be enforced against his property found within the jurisdiction of the Court.

No error.