GREEN v. GREEN.

(Filed December 18, 1906).

*Divorce—Alimony—Contempt—Appeal—Former   Decision.*

1. Where plaintiff obtained a judgment of divorce from bed and board against defendant, and the defendant was ordered to convey a one-fourth interest in a certain tract of land to a trustee for the use and benefit of plaintiff or pay into the Clerk's office $250 for the same purpose, the land to be leased by the trustee or sold and the proceeds applied to the support of plaintiff, the execution of a quit-claim deed by defendant to the trustee was not a compliance with the order, where it was afterwards discovered that defendant had, prior to the judgment of separation, conveyed all of his interest in the land to his son; and an order adjudging him in contempt and committing him to jail until he had complied with the order of alimony was proper, the Court having found that he was fully able to comply.

2. Where the defendant was adjudged in contempt and the ruling was affirmed on appeal, and upon the presentation of the certificate of this Court, the Court below affirmed the former order in every particular and directed the same to be executed, the defendant cannot, by a second appeal, review the former decree of this Court.

ACTION by Maggie V. Green against John A. Green, heard by *Judge T. A. McNeill* and a jury, at the February Term, 1906, of the Superior Court of JACKSON.

This is an attachment for contempt for failing to comply with an order of the Court for alimony. The *feme* plaintiff obtained a judgment of divorce from bed and board against the defendant at May Term, 1904, of the Superior Court, when *Judge Jones,* in the judgment of separation, after find-

ing the necessary facts, ordered that the defendant convey a one-fourth interest in a certain tract of land to V. F. Brown in trust for the use and benefit of the plaintiff and her child or pay into the Clerk's office two hundred and fifty dollars for the same purpose, the land to be leased by the trustee and the rents applied to the support and maintenance of the plaintiff and her child, or that it be sold and the proceeds applied in like manner. The defendant executed a quit-claim deed to the trustee for the land. It was afterwards discovered that he had conveyed the land to his son in October, 1900. The trustee demanded possession of the defendant and his son, who refused to let him into possession, the defendant at the time denying that he owned any interest in the land and his son asserting sole ownership in himself.

At March Term, 1905, *Judge Shaw* issued a rule, requiring the defendant to show cause why he should not be attached for contempt for failing to comply with the order of *Judge Jones*. The hearing of this rule was continued for the defendant to answer, but he has never answered the same. *Judge Shaw* found as a fact that the defendant had not in any way complied with the said order, although he was fully able to do so, and especially that he could pay the two hundred and fifty dollars, and that he had wilfully and contemptuously failed to do so. He thereupon adjudged the defendant in contempt of the Court for refusing to obey its order, and further adjudged that he be imprisoned in the county jail until he had complied with the same. The defendant appealed, and at Spring Term, 1906, of this Court the order of *Judge Shaw* was affirmed *(per curiam),* 140 N. C., 651.

At May Term, 1906, the matter came on to be heard before *Judge McNeill* upon the certificate of this Court and the motion of the defendants to have satisfaction of *Judge Jones'* order entered of record. *Judge McNeill,* upon a review of the orders and facts in the case, held that the defend-

ant had not complied with the order of *Judge Jones,* and
denied his motion. He thereupon affirmed the order of *Judge .
Shaw* and directed that it be executed. It appeared that the
defendant had complied with the order of *Judge Jones* in all
respects except as to that part of it relating to the execution of
the deed or the payment of the money in lieu thereof.

The defendant excepted to *Judge McNeill's* order, and
appealed.

*Walter E. Moore* and *Shepherd & Shepherd* for the plain-
tiff.

*W. T. Crawford* and *F. E. Alley* for the defendant.

WALKER, J., after stating the case: The only contention
made in this Court by the defendant's counsel was that he
fully complied with the order of *Judge Jones* when he exe-
cuted the deed to the trustee therein appointed. In support
of this position, it was argued that *Judge Jones* necessarily
found as a fact that the deed from the defendant to his son
was fraudulent and void, because he recited in his order that
it appeared the defendant owned · a one-half interest in the
land. We do not think that any such inference can reason-
ably be deduced from that recital, when it is considered with
the context of the order, as it should be. It is clear that the
recital was based upon the fact that on 10 March, 1899, a
deed for the one-half interest had been made by John N.
Hunter to the defendant (the other half having been con-
veyed to his son by the same deed), and the admission of the
parties that the defendant was, at the time the order was
made, the owner of the one-half interest acquired by the deed.
But, evidently, *Judge Jones* did not know of the subsequent
deed of the father to the son, or he would not have made
such a recital, as the defendant's representation that he
owned an interest in the land was not true. It would appear
that the defendant was concealing the existence of this deed

from the Court and from his wife, and attempted to commit a fraud in doing so. He knew that he had made the deed to his son, and he must have known that the Court and his wife were ignorant of the fact. The recitals in the order of *Judge Jones* all tend conclusively to show it. But however this may be, whether he was guilty of an intentional or fraudulent concealment or not, we do not think he has complied with the order. He was required to convey a one-fourth interest to the trustee, whereas it turned out that, when he made the deed, he had no such interest to convey. He had, before that time, conveyed all of his interest to his son. Perhaps this was his reason for making the deed in the form of a quit-claim. The law and the Court intended not merely a color-able, but a real and substantial compliance with the order. We would mock at this plaintiff's calamity and turn her away empty-handed, when she is entitled to relief, should we hold that there had been any genuine attempt by the defendant to comply with the order. We have found no evi-dence in this record of any fraud committed by the defend-ant when he conveyed to his son; and besides, if his deed was fraudulent and void as to the plaintiff, the Court did not intend that, under its order, she was not to receive the use and benefit of the land, but instead get a lawsuit. Besides, should the defendant be permitted to plead his own fraud, in order to delay and vex the plaintiff, whose claim for ali-mony is at least meritorious? The purpose was that a *good* title to the one-fourth interest should be conveyed to the trustee; for how could he well lease the land or sell it with-out such a title? The Court assumed that the defendant had a valid title, for otherwise it would simply have ordered payment of the money. No other conclusion can be legiti-mately drawn from the facts.

But *Judge Shaw* had adjudged the defendant in contempt and ordered him to stand committed until he had complied

with the order. His ruling was affirmed by this Court on appeal. It has not been modified by *Judge McNeill,* but on the contrary affirmed in every particular, and the said order was directed by him to be executed. The defendant cannot, by .a second appeal, review the former decree of this Court. *Pretzfelder v. Ins. Co.,* 123 N. C., 164.

*Judge McNeill* found as a fact that the defendant had denied that he had any title to the land or any interest therein, when the trustee demanded possession of him and his son. How, in the face of this finding, can he now ask to have it entered of record that he had complied with the order of the Court? As he was not able to make the requisite title, he should have paid the money into Court according to the terms of the orders of *Judge Shaw* and *Judge McNeill.* This is what they clearly meant should be done, unless he had otherwise complied with the order by securing a good title to the one-fourth interest, and conveying that interest to the trustee. Not having done so and not proposing to do so, he was manifestly if not flagrantly disobeying the order, and was therefore acting in contempt of the authority of the Court, for which conduct he was properly adjudged to be committed. *Pain v. Pain,* 80 N. C., 325.

We find no error in the ruling of the Court.

No Error.