CHLOE SANDERS ET ALS. V. R. M. SANDERS.

(Filed 18 November, 1914.)

**1. Divorce—Consent Decree—Support of Minor Children—Motion in Cause —Power of Court—Statutes.**

The trial court is authorized by statute (Revisal, 1570), both before and after final judgment in an action for divorce, either *a vinculo* or *a mensa et thoro,* "to make such orders respecting the care, custody, tuition, and maintenance of the minor children of the marriage as may be proper, and from time to time modify," etc., such orders, and where consent judgment in a suit *a mensa et thoro* has been entered in the action, without providing for such children, upon motion in the original cause the court has power to make such further orders as it deems proper requiring the father to provide for the support of his children, whether born before or after the rendition of the consent judgment.

**2. Same—Charge Upon Husband's Lands—Appeal and Error—Presumptions —Evidence—Custody of Children.**

The trial judge, on motion in the original cause wherein a judgment for divorce has been rendered, may direct the father to pay a sum certain at regular intervals for the support and maintenance of his minor children and decree that it shall constitute a lien upon his lands; and where the order of the court does not provide for the custody or tuition of the children, the appellate court will not reverse the order solely on that account, the matters being within the discretion of the trial court, and where the record is silent, the presumption is that the court below acted upon sufficient evidence to warrant the omission.

**3. Divorce—Minor Children—Property—Support—Duty of Father.**

There is a legal as well as a moral duty of the father to support his infant children, if he is able to do so, whether they have property or not, and after as well as before a decree of divorcement, though the custody of the children be awarded to the mother.

**4. Appeal and Error—Divorce—Improvident Appeal.**

Upon appeals by the wife and children in separate actions, the appeal of the children will be considered as improvidently taken if the relief sought is identical with that afforded under the judgment obtained in the action of the mother.

APPEAL by defendant from *Harding, J.,* at June Term, 1914, of UNION.

*Stack & Parker for plaintiff.*
*Redwine & Sikes for defendant.*

CLARK, C. J. In 1911 this action was begun by the plaintiff for divorce from bed and board, on the ground of cruelty and abandonment and for alimony. It came to this Court, *Sanders v. Sanders,* 157 N. C., 229. At February Term, 1912, below, a consent judgment was entered by which the parties released their rights in the property of each other

and were divorced *a mensa et thoro,* the defendant settling upon the plaintiff $1,500 and paying the costs and attorneys' fees in the action. No provision was made in that judgment for the support of the infant, Lynn Sanders, who was then the only child of the marriage.

Some time after this decree the defendant began visiting the plaintiff, and their previous relationship was to some extent renewed, and about a year and a half after the decree there was born to the parties the infant, J. D. Sanders. The defendant, who was a man of some means, refused to contribute to the support of either of the children. The plaintiff thereupon moved in the original cause, under Revisal, 1570, for an order making an allowance for the support of said children to be paid by defendant. That statute authorizes such order, and the findings of fact by his Honor fully justify his decree, if there was any evidence to support his findings. The defendant has brought up no case on appeal, and the presumption in favor of the regularity of judicial proceedings requires us to presume that there was evidence on which to base the findings of the court.

The first exception is the order redocketing the case. Revisal, 1570, provides that in actions for divorce, either *a vinculo* or *a mensa et thoro,* "both before and after final judgment therein, it shall be lawful for the judge of the court in which such action is or was pending to make such orders respecting the care, custody, tuition, and maintenance of the minor children of the marriage as may be proper, and from time to time to modify or vacate such orders, and may commit their custody and tuition to the father or mother as may be thought best." *Setzer v. Setzer,* 129 N. C., 296. This applies though the first judgment was by consent. *Bailey v. Bailey,* 127 N. C., 474.

The court found as a fact that J. D. Sanders is the child of plaintiff and defendant, born since their marriage. The presumption is, in the absence of a case on appeal, that there was evidence to that effect.

The decree directs the defendant to pay $35 per month for the maintenance of his minor children, and that such decree shall be a lien upon his real estate in North Carolina and particularly upon the tract of land in Anson County which is described in the decree. If this were not done, the decree might be made a nullity.

In *Bailey v. Bailey,* 127 N. C., 474, this Court sustained a decree making temporary alimony a charge upon the land of defendant. In *Green v. Green,* 143 N. C., 406, it was held that the court could by order compel the husband to execute a deed in fee conveying his property to his wife, and attach him for contempt for refusal to obey the order. In *Wood v. Wood,* 61 N. C., 538, it was held that an allowance of alimony was a debt of record, enforcible by sale under execution.

SANDERS *v.* SANDERS.

The defendant objects because the decree does not go further and make an order for the custody and tuition of the children. That was a matter in the discretion of the court, and doubtless there was evidence before the court that the children were in the custody of their mother's father, as counsel state in their brief. It is true, the fact is not stated in the record, but the defendant has set out in the record no evidence or ground to justify the reversal of the decree because it does not provide for the custody of the children. It seems their maintenance only was asked for and no cause was shown to the court, so far as the record shows, to change their custody. The decree is

Affirmed.