MARGARET FULLER PORTER v. THE CITIZENS BANK OF WARREN-TON, INCORPORATED; MRS. ALICE SOUTHERLAND, TRADING AS THE STYLE SHOP; E. E. GILLAM, TRADING AS GILLAM AUTO COMPANY, AND J. B. MARTIN.

(Filed 14 January, 1960.)

**1. Judgments § 41—**

   A judgment in favor of one spouse against the other cannot constitute a lien on property held by them as tenants by the entireties.

**2. Husband and Wife § 15—**

   During coverture the husband has the right to the full control of the property held by the entireties and to the income therefrom, to the exclusion of the wife.

**3. Judgments § 41:   Divorce and Alimony § 21—**

   The court may not order the sale of land held by the husband and wife as tenants by the entireties to procure funds to pay alimony and counsel fees allowed the wife under G.S. 50-16, but the rents and profits therefrom may be charged with the support of the wife, and the court may issue writ of possession under G.S. 50-17 giving the wife possession of the property in order that she may apply the rents and profits as they accrue and become personalty to the payment of alimony and counsel fees as fixed by the court.

**4. Same—**

   Neither an order making an allowance of alimony *pendente lite*, nor a subsequent order directing that in the event of a foreclosure of a deed of trust on lands held by the husband and wife by the entireties, the husband's share in the surplus should be secured for the payment of alimony, has the effect, without more, of creating a lien on the surplus realized upon the later foreclosure of the deed of trust on the property, since the husband's share in the surplus funds does not become personalty and subject to attachment or to the payment of alimony *pendente lite* until the sale under the foreclosure.

**5. Divorce and Alimony § 21—**

   Where the husband abandons his wife and leaves the State and the wife obtains a decree for alimony without divorce, realty and personalty owned by the husband may be attached and a valid judgment in *rem* entered against the property, or the court may appoint a receiver for the property and direct the receiver to sell unproductive real estate and to invest the proceeds in order to obtain sufficient income to en-

able the receiver to pay the expenses of the receivership and the alimony awarded.

**6. Same: Attachment § 6— Lien of attachment held superior to orders for alimony as to surplus realized in later sale under foreclosure of land held by entireties.**

Order for alimony and counsel fees *pendente lite* was entered in favor of the wife in her action against her husband for alimony without divorce, in which action the husband was personally served. Thereafter an order was entered in the cause to the effect that if a deed of trust on property held by the husband and wife by the entireties were foreclosed the husband's share of the surplus should be secured for the payment of the alimony awarded. The deed of trust was foreclosed and the trustee voluntarily paid in the office of the clerk, pursuant to G.S. 45-21.31, the surplus realized in the sale. In an action on account instituted by a creditor of the husband prior to the sale, a warrant of attachment was issued and the husband's share in the surplus attached on the date it was put in the hands of the clerk. *Held*: There having been no attachment of the funds in the divorce action, nor the surplus placed in *custodia legis* in that action, and the orders issued therein not constituting a lien in *futuro* upon such funds, the lien of the attaching creditor is superior to the rights of the wife therein.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by respondent J. B. Martin from *Bickett, J.,* January Civil Term, 1959, of WARREN.

This is a special proceeding instituted 2 October 1957 pursuant to the provisions of G.S. 45-21.32, to determine the ownership of a fund of $9,382.34 deposited on 20 July 1957 with the Clerk of the Superior Court of Warren County by Frank Banzet, Trustee, pursuant to the provisions of G.S. 45-21.31.

This case was here at the Fall Term 1958 of this Court and the judgment theretofore entered was vacated and the cause remanded for a hearing *de novo* in the Superior Court. The opinion is reported in 249 N.C. 173, 105 S.E. 2d 669, where the facts are set out in detail. Even so, the facts deemed essential to the disposition of the present appeal will be stated herein.

1. At all times in question in this proceeding the petitioner and one George S. Comer were and are now husband and wife, although the petitioner has had her surname changed to Porter pursuant to an order entered on 7 June 1957 by the Clerk of the Superior Court of Warren County.

2. In 1956 an action for alimony without divorce was instituted in the Superior Court of Warren County by Margaret F. Comer against the said George S. Comer, in which summons was personally served on George S. Comer and in which action he appeared and was repre-

sented by counsel. An order for alimony *pendente lite* and counsel fees was rendered in favor of the petitioner by his Honor, Hamilton Hobgood, Resident Judge of the Ninth Judicial District.

3. George S. Comer abandoned his wife, Margaret F. Comer (now Porter) in February 1957 and departed the State of North Carolina and his whereabouts are unknown.

4. At the time George S. Comer departed the State of North Carolina and at all times thereafter until 12 July 1957, George S. Comer and his wife, the petitioner herein, owned as tenants by the entirety a home in the Town of Warrenton, North Carolina, which was acquired prior to 1956. This is the real estate from which the surplus funds now in controversy were derived.

5. On 4 June 1957, on motion of Margaret F. Comer, in her action for alimony without divorce, an order was entered by his Honor, C. W. Hall, Judge holding the courts of the Ninth Judicial District, as follows:

"The interests, estate and equity of the defendant George S. Comer in and to the real property described in paragraph 6 of plaintiff's motion, together with surplus of the sale thereof to which the defendant George S. Comer would otherwise be entitled, is secured to the plaintiff Margaret Fuller Comer for the satisfaction of the award of alimony heretofore entered by the Honorable Hamilton H. Hobgood, and any person, firm or corporation having custody or control over the same shall pay to the plaintiff the sum of $837.00 and shall pay to the firm of Banzet & Banzet, attorneys, the sum of $450.00 and thereafter to pay to the plaintiff the sum of $354.00 on the 29th day of each month hereafter, commencing on the 29th day of June 1957, to be reduced by $75.00 per month so long as the plaintiff shall occupy the premises described in paragraph 6 of the plaintiff's motion.

"The Clerk of the Superior Court of Warren County is directed to file, index and cross-index in the Judgment Docket of Warren County the substance of this order insofar as the same pertains to surplus of any sale under foreclosure of the real estate described in paragraph 6 of plaintiff's motion to the end that all persons dealing with said surplus shall be bound by the terms of this order."

6. The foregoing order was entered in anticipation of the foreclosure sale of the aforesaid house and lot by Frank Banzet, Trustee, in a deed of trust thereon, to secure certain indebtedness to the Citizens Bank of Warrenton, which indebtedness was past due at the time the above order was entered.

7. On 12 July 1957, Frank Banzet, Trustee, under the aforesaid deed of trust, executed a deed to said house and lot, pursuant to the

power of sale contained in said deed of trust, for $17,795.00, and collected said sum in cash.

8. From the proceeds of the sale, the said Frank Banzet, Trustee, paid to petitioner $837.00 in payment of alimony in arrears on the date of Judge Hall's order, and paid the firm of Banzet & Banzet, as attorneys for petitioner, the sum of $450.00, both of which sums were charged against George S. Comer's one-half interest of the net proceeds of the sale. Certain additional small liens not in controversy here were paid, and on 20 July 1957 the Trustee paid the balance of the proceeds from said sale to the Clerk of the Superior Court of Warren County, pursuant to the provisions of G.S. 45-21.31, in the sum of $9,382.34.

9. On 10 July 1957, an action on an account was filed in the Recorder's Court of Warren County by J. B. Martin, a respondent herein, against George S. Comer, and on said date a warrant of attachment was issued by said court against the property of said defendant. Pursuant to said warrant of attachment, the Sheriff of Warren County, on 20 July 1957, attached the interest of the defendant, George S. Comer, in the surplus proceeds from the foreclosure sale referred to herein in the amount of $9,382.34, which on said date had been paid to the Clerk of the Superior Court of Warren County. On 26 September 1957, the plaintiff, J. B. Martin, in said action procured a judgment against George S. Comer in the sum of $605.82, with interest on $583.85 from 1 June 1953, and interest on $21.96 from the date of judgment, and for costs in the sum of $22.20. Said judgment was declared a specific lien on the proceeds in the hands of the Clerk of the Superior Court which had been attached by the Sheriff pursuant to the warrant of attachment. Said judgment was duly docketed on the same date in the office of the Clerk of the Superior Court of Warren County and recorded in Judgment Docket 11, at page 39. No amount has been paid on this judgment. The court below found that the action and judgment rendered therein were in all respects regular.

On these facts the court concluded as a matter of law that the order of Judge Hall securing to petitioner the estate and equity of George S. Comer in said surplus funds constituted a lien in favor of the petitioner superior to the attachment and judgment of the respondent J. B. Martin. Judgment was entered accordingly.

The respondent J. B. Martin appeals, assigning error.

*Banzet & Banzet for petitioner.*
*William W. Taylor, Jr., and Charles T. Johnson, Jr., for respondent.*

DENNY, J.   The questions for determination on this appeal are as follows:

1. Does an order of a Superior Court Judge, in a pending action under G.S. 50-16, declaring that an order for alimony *pendente lite* previously entered in said cause should constitute a lien in *futuro* on the share to be derived by the defendant husband in the surplus proceeds from a foreclosure sale under a deed of trust on real property owned by husband and wife by the entireties, of itself and without further action by or on behalf of the wife, create a lien on the husband's share therein, the foreclosure sale being consummated after the entry of such order?

2. If so, does such lien have priority over the lien acquired by a creditor of the husband who attached the husband's interest in the surplus proceeds of sale at the time they were paid to the Clerk of the Superior Court by the Trustee, who foreclosed the deed of trust, pursuant to G.S. 45-21.31?

A judgment cannot be rendered in the Superior Court in favor of one spouse against the other that will constitute a lien on property held by them as tenants by the entireties. *Keel v. Bailey,* 214 N.C. 159, 198 S.E. 654. Even so, during coverture the husband has the right to the full control of such property and the income therefrom, to the exclusion of the wife. *Holton v. Holton,* 186 N.C. 355, 119 S.E. 751; *Dorsey v. Kirkland,* 177 N.C. 520, 99 S.E. 407; *West v. R. R.,* 140 N.C. 620, 53 S.E. 477, 6 Ann. Cas. 360. Therefore, where husband and wife own land by the entireties, the rents and profits therefrom, which belong to the husband, may be charged with the support of his wife. To enforce an order allowing alimony and counsel fees pursuant to the provisions of G.S. 50-16, the court may issue a writ of possession pursuant to the provisions of G.S. 50-17, giving the wife possession of property held by her and her husband as tenants by the entireties, in order that she may apply the rents and profits therefrom as they shall accrue and become personalty to the payment of alimony and counsel fees as fixed by the court. *Wright v. Wright,* 216 N.C. 693, 6 S.E. 2d 555. However, the court does not have the power to order the sale of land held as tenants by the entireties, to procure funds to pay alimony to the wife or to pay her counsel fees. *Holton v. Holton, supra.*

It follows, therefore, under our decisions, that neither the order of Judge Hobgood, making the allowance of alimony *pendente lite,* nor the order entered by Judge Hall on 4 June 1957, constituted a lien on the house and lot held by the petitioner herein and her husband, George S. Comer, as tenants by the entireties.   The interest of George S. Comer in the surplus funds from the foreclosure

sale did not become subject to attachment until 12 July 1957 by his creditors or for payment of alimony *pendente lite* pursuant to the orders made in the action instituted by Margaret Comer (now Porter) against her husband, George S. Comer.

Real estate owned by a husband may be attached and sold for the payment of alimony; and where the husband abandons his wife, leaves the State and his whereabouts are unknown, his real estate or personal property may be attached at the commencement of an action for alimony and a valid judgment obtained against the absent defendant, not in *personam* but as a charge to be satisfied out of the property seized. *Walton v. Walton,* 178 N.C. 73, 100 S.E. 176; *White v. White,* 179 N.C. 592, 103 S.E. 216; *Pennington v. Bank,* 243 U.S. 269, 61 L.Ed. 713.

Moreover, when a husband abandons his wife and leaves the State and the wife obtains a decree for alimony without divorce, the court may appoint a receiver to take possession of the husband's property, both real and personal, and the court may direct the receiver to sell unproductive real estate and to invest the proceeds in order to obtain sufficient income to enable the receiver to pay the expenses of the receivership and the alimony awarded. *Lambeth v. Lambeth,* 249 N.C. 315, 106 S.E. 2d 491.

In the instant case, the petitioner obtained her allotment of alimony *pendente lite* in an action in which the defendant husband was personally served with summons and in which he personally appeared at the trial and was represented by counsel. However, he departed the State prior to the entry of Judge Hall's order. While Judge Hall's order purported to set aside the interest, estate and equity of George S. Comer in said real estate, as we have heretofore pointed out, it did not constitute a lien on said right, title and interest. The order further purported to secure to the plaintiff, Margaret F. Comer (now Porter), the surplus of the proceeds from the sale of said real estate owned by the parties as tenants by the entireties, but such funds were not directed to be paid by the Trustee, who conducted the foreclosure, into the hands of a trustee or to the Clerk of the Superior Court, to be held in trust for the payment of alimony *pendente lite* as such payments fell due. Neither was a receiver appointed to handle such funds pursuant to the orders of the court, as was done in *Lambeth v. Lambeth, supra.*

In *Walton v. Walton, supra,* the Court said: "The question presented is the right of the plaintiff to a warrant of attachment as an ancillary remedy to her cause of action. Chapter 24, Laws 1919, prescribes that the wife abandoned by her husband is entitled 'to have

a reasonable subsistence allotted and paid or secured to her from the estate or earnings of her husband.'

"This gives the wife who has been abandoned a remedy both in *personam* and in *rem*. The attachment is to secure the property so that it may be held to satisfy the judgment when rendered and also as a basis for publication of the summons. The wife has always had the remedy of garnisheeing the salary or wages of her husband in such cases, and she is entitled to an attachment of the property for the same reason. Otherwise the defendant, pending litigation, can sell or convey his property, or creditors may attach it for debt or obtain prior liens by judgment." *White v. White, supra; Bernhardt v. Brown,* 118 N.C. 700, 24 S.E. 527, 36 L.R.A. 402.

In the case of *Hardware Co. v. Jones,* 222 N.C. 530, 23 S.E. 2d 883, there were numerous judgments against the defendant which had been duly docketed and which constituted liens on the real estate of the defendant. All the judgment liens attached at the same time, when the defendant inherited the real property from his father's estate. The plaintiff, holding a judgment docketed 22 May 1923, brought action thereupon and caused an attachment to be levied upon the defendant's distributive share of the personal estate of his father. The lower court held the plaintiff had a superior lien to the other judgment creditors who were relying upon their duly docketed liens. This Court said: "Since, under C.S. 614 (now G.S. 1-234), no lien attaches to personalty by reason of the docketing of the judgment, although such a lien may be acquired by levy, the order * * * sustaining the prior lien of attachment as to the personal property * * * is correct."

It is likewise said in 7 C.J.S., section 272, page 450, "Where a judgment has become a lien on property of defendant, before the levy of an attachment on the same property, the judgment creditor will prevail over the attaching creditor; * * *. A judgment creditor who attached the personalty of his debtor is entitled to priority over a judgment creditor who did not attach such property," citing *Deeds v. Gilmer,* 162 Va. 157, 174 S.E. 37.

As was said in *Walton v. Walton, supra,* the statute G.S. 50-16 prescribes that a wife abandoned by her husband is entitled "to have a reasonable subsistence *allotted and paid* or *secured* to her from the estate or earnings of her husband." (Emphasis added)

In *Anderson v. Anderson,* 183 N.C. 139, 110 S.E. 863, the decree allowed subsistence, expenses and counsel fees, and declared that it should be a lien on defendant's real and personal property. However, in order to secure the allowance authorized under C.S. 1667 (now G.S. 50-16), the court required the defendant to execute a deed

of trust conveying all his interest in real estate in Nash and Edgecombe counties to a trustee for plaintiff to secure the performance of the decree. In the event of failure to execute the said deed of trust within ten days from 30 November 1921, it was provided that the decree would operate as a conveyance to the said trustee with power of sale in default of any payment or part payment thereon, as required by the order. This Court affirmed the judgment. See *Sanders v. Sanders,* 167 N.C. 317, 83 S.E. 489; *Green v. Green,* 143 N.C. 406, 55 S.E. 818; *Bailey v. Bailey,* 127 N.C. 474, 37 S.E. 502; *Wood v. Wood,* 61 N.C. 538.

In *Perkins v. Perkins,* 232 N.C. 91, 59 S.E. 2d 356, suit was for alimony without divorce under G.S. 50-16, and for allowance for subsistence and counsel fees *pendente lite. Devin, J.,* later C.J., said: "By adequate statutes and the decisions of this Court it has been established in this jurisdiction that in an action for alimony without divorce, upon issuance of summons and the filing of a verified complaint setting forth facts sufficient to entitle the complainant to the relief sought, the Judge of the Superior Court has power to require the payment by the husband of a reasonable amount for the wife's subsistence and counsel fees *pendente lite,* and the court *may enforce its order by attachment* against the property of a nonresident or absconding husband without notice (G.S. 50-16), and in such case may also appoint a receiver to collect the income from the husband's property. *Bailey v. Bailey,* 127 N.C. 474, 37 S.E. 502; *White v. White,* 179 N.C. 592, 103 S.E. 216; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436; *Peele v. Peele,* 216 N.C. 298, 4 S.E. 2d 616; *Wright v. Wright,* 216 N.C. 693, 6 S.E. 2d 555; *McFetters v. McFetters,* 219 N.C. 731, 14 S.E. 2d 833." (Emphasis added)

In light of the foregoing authorities, in our opinion, the mere statement in Judge Hall's order, to the effect that the surplus in the sale of the real estate held as tenants by the entireties, which would otherwise belong to George S. Comer, is secured to the plaintiff, without further providing for such proceeds to be impounded and brought into *custodia legis,* did not give a lien on such funds for payment of alimony, superior to an attachment by a creditor of George S. Comer.

Moreover, the court below found as a fact that the action instituted by the respondent Martin and the judgment rendered therein were in all respects regular. Therefore, we hold that, since the petitioner did not attach these funds, and the court below took no steps to sequester and impound said funds so as to make them immune from attachment, the attachment of the respondent Martin is superior to the order of Judge Hall, with respect to the funds now held

in the office of the Clerk of the Superior Court of Warren County in an amount sufficient to satisfy the respondent's judgment.

It will be noted that these funds are not held by the Clerk of the Superior Court pursuant to any order of the court, but were voluntarily paid into his office pursuant to the provisions of G.S. 45-21.31.

The judgment of the court below is

Reversed.

HIGGINS, J. took no part in the consideration or decision of this case.