An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-600

Filed 18 March 2026

Guilford County, No. 24SP001805-400

FOREST RIDGE TOWNHOMES
CORPORATION OF GREENSBORO, Petitioner,

v.

HEAG PAIN MANAGEMENT CENTER, P.A.,
K&S RESOURCES, LLC, CHARLIE W.
MORGAN, HEIR, and GREENSBORO
REALTY & INVESTMENTS, LLC, Respondents.

Appeal by Respondents from order entered 14 February 2025 by Judge Lora C. Cubbage in Guilford County Superior Court. Heard in the Court of Appeals 20 November 2025.

*Ruby Chase Taliercio, PLLC, by Margaret M. Chase, for Petitioner–Appellee.*

*Gordon Law Offices, by Harry G. Gordon, for Respondents–Appellants.*

MURRY, Judge.

Greensboro Realty & Investments, LLC and K&S Resources, LLC (Respondents) appeal from the trial court's 14 February 2025 order disbursing surplus funds from a foreclosure action to Forest Ridge Townhomes Corporation of Greensboro (Petitioner) as the superior lienholder. For the reasons below, this Court

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

affirms the trial court's order.

## I.   Background

This matter arises from a surplus-funds proceeding that Petitioner initiated after a foreclosure sale on 3221 Cypress Park Road, Unit C, in Greensboro, North Carolina (Property). On 20 November 2017, Petitioner filed a claim of lien against the Property totaling $1,403.90 in unpaid homeowners' association (HOA) assessments, subject to a senior lien that had encumbered the Property since 1988. Petitioner commenced foreclosure proceedings on the Property to enforce its lien in February 2018. During the foreclosure proceeding, the owner of the Property filed for bankruptcy in the Middle District of North Carolina, which triggered an automatic stay of all proceedings against him. *See* 11 U.S.C. § 362(a). In December 2019, the trial court declared Petitioner's foreclosure action inactive pending the bankruptcy's resolution. On 13 January 2021, Respondents obtained their respective interests in the Property subject to existing liens.

After the Middle District closed the Property owner's bankruptcy case, the senior lienholder commenced foreclosure proceedings on the Property, culminating in a February 2022 foreclosure sale. *See generally In re Davis*, No. 19-11318, 2020 WL 3485122 (Bankr. M.D.N.C. June 25, 2020). Following the satisfaction of the senior lien, the foreclosure sale yielded $44,586.02 in surplus funds.

On 16 May 2024, Petitioner filed a petition seeking the disbursement of the surplus funds from the foreclosure sale in satisfaction of its lien. At the time of this

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

filing, $41,952.95 remained of the surplus funds. Following a hearing, the Guilford County Clerk of Superior Court ordered the disbursement of $20,335.36 in surplus funds to Petitioner. On 6 December 2024, Respondents appealed the order to the Guilford County Superior Court for a hearing *de novo*, alleging that Petitioner's proceeding was time-barred under the three-year statute of limitations for foreclosure actions under N.C.G.S. § 47-3-116. The matter was transferred six days later after a hearing before the Assistant Clerk.

Prior to the hearing *de novo*, Petitioner's counsel submitted an affidavit of attorneys' fees on 7 February 2025, itemizing $14,414.50 in attorneys' fees to-date. On 10 February 2025, the trial court heard the parties' respective presentations of evidence regarding the validity and enforceability of Petitioner's lien. Upon the trial court's remarking on the lien amount increase from $1,403.90 to $12,496.88 over the previous eight years, Petitioner's counsel explained that the increase represented "five years of dues" unpaid between 2019 and 2022. The trial court concluded that Petitioner instituted a "foreclosure proceeding to enforce" its lien "within the required time period prescribed in [N.C.G.S.] § 47F-3-116" and that the inactivation of the foreclosure proceeding without prejudice due to the Property owner's bankruptcy proceeding "d[id] not render . . . Petitioner's lien invalid." Following the hearing, the trial court entered an order on 14 February 2025 disbursing $26,911.38 in surplus funds to Petitioner, of which $12,496.88 represented unpaid assessments and $14,414.50 constituted Petitioner's attorneys' fees.

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

Respondents moved for a "New Trial / Amendment of Judgment and Order, for Reconsideration, and Rule 60 Relief" on 24 February 2025, to which Petitioner responded and objected on 3 March 2025. Due to the trial judge's retirement on 28 February 2025, Petitioner also moved to dismiss Respondents' motion for lack of subject-matter jurisdiction. Before the calendaring of their motion for hearing, Respondents timely appealed from both the 14 February 2025 disbursement order and the trial court's "fail[ure] to hear" their 24 February 2025 motion.

## II.    Jurisdiction

This Court has jurisdiction to hear Respondents' appeal from the trial court's order disbursing surplus funds because it is a "final order" of the Superior Court resolving the priority of surplus-funds distribution between the parties. N.C.G.S. § 7A-27(b)(2); *see In re Foreclosure of Lien*, 219 N.C. App. 320, 325 (2012) (exercising jurisdiction over superior court's order authorizing foreclosure in special proceeding because it is a "final judgment" under § 7A-27(b)).

## III.    Analysis

On appeal, Respondents argue that the trial court erred in entering the order disbursing surplus funds because Petitioner based its petition "on a 2017 claim of lien and commencement of an HOA foreclosure in 2018 under N.C.G.S. § 47F-3-116," which the trial court "never reactivated" after 2019. Alternatively, Respondents argue that the trial court erred by failing to hear their 24 February 2025 motion and ask this Court to "consider the merits" of that motion.

- 4 -

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

We review appeals from non-jury proceedings for whether "competent evidence" supports the trial court's findings of fact and "whether the conclusions reached were proper in light of the findings." *Walker v. First Fed. Sav. & Loan Ass'n*, 93 N.C. App. 528, 532 (1989). "Unchallenged findings of fact are presumed correct and are binding on appeal." *Branch Banking & Trust Co. v. Schiphof*, 192 N.C. App. 696, 700 (2008). We review the trial court's conclusions of law *de novo*. *See id*. For the reasons below, we affirm the trial court's order disbursing surplus funds to Petitioner.

## A. Disbursement

First, Respondents argue that the trial court erred in entering the order disbursing surplus funds to Petitioner. They contend that Petitioner's failure to "reactivate" its foreclosure proceeding rendered the  petition for surplus funds untimely under the applicable three-year statute of limitations. *See* N.C.G.S. § 47F-3-116. They also characterize the trial court's disbursement to Petitioner of $26,911.38 in surplus funds, of which $14,414.50 constituted attorneys' fees, as a violation of the $1,200 statutory fee cap for HOA foreclosures. *See id*. § 47F-3-116(f)(12). For the reasons below, we hold that the trial court did not err by ordering this disbursement.

### 1. Lien Validity

Respondents claim that Petitioner's failure to "reactivate" its foreclosure proceeding concurrently with the senior lienholder's foreclosure action rendered its petition for surplus funds untimely under the three-year statute of limitations in

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

N.C.G.S. § 47F-3-116. We disagree.[1]

### a. Lien Priority

Respondents contest the underlying validity of Petitioner's lien. An HOA may file a claim of lien for past-due unpaid assessments on a property with "the clerk of superior court in the county in which the lot is located," N.C.G.S. § 47F-3-116(a), and may subsequently foreclose on the lien to enforce it, *see Willow Bend HOA v. Robinson*, 192 N.C. App. 405, 418 (2008). "Once filed, a claim of lien secures all sums due the association through the date filed and any sums due to the association thereafter," which may include late fees and other charges as provided in the association's declaration of covenants. N.C.G.S. § 47F-3-116(a). The association must "institute[ ]" "proceedings to enforce the lien . . . within three years after the filing of

---

[1] Respondents fail to cite any relevant legal authority in support of their argument, which defies both precedent and logic. They primarily attempt to support their claim by citing to *RM Contrs., LLC v. Wiggins*, 294 N.C. App. 172 (2024), in which this Court addressed the enforceability of mechanics' or materialmen's liens. *See id.* at 175–76 (citing N.C.G.S. § 44A-8, -16(a) (2025)). Because N.C.G.S. § 47-3-116 governs the priority of homeowners' association (HOA) liens, *RM Contrs.* is irrelevant to this matter. *See, e.g.*, N.C.G.S. § 47F-3-116(d) (expressly limiting subsection to "not affect . . . priority of mechanics' or materialmen's liens"). Respondents also incompletely cite "*Porter v. Bank*, 251 N.C. 573, 577, 111 S.E.2d 904." Assuming that Respondents refer to *Porter v. Cits. Bank of Warrenton*, 251 N.C. 573 (1960), that case does not address an HOA lien under § 47F-3-116 or a surplus-proceedings claim under § 45-21.32 and is thus irrelevant to this appeal. *See Porter*, 251 N.C. at 580–81 (holding that an order for alimony *pendente lite* under § 50-16 did not give petitioner wife superior lien on surplus funds from foreclosure sale of respondent husband's property).

These case citations are the totality of purported legal authority Respondents use to support their assertion that Petitioners must "reactivate" the 2018 foreclosure action to validate their 2024 surplus-funds proceedings. Aside from the lack of supporting authority rendering this argument abandoned, we underscore the logical incongruity of requiring Petitioners to commence foreclosure proceedings on an already-foreclosed property. *See* N.C. R. App. P. 28(b)(6).

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

the claim of lien in the office of the clerk of superior court." *Id.* § 47F-3-116(c).

Liens "registered in the office of the register of deeds" generally "have priority based on the order of registration as determined by the time of registration." *Id.* § 47-20(a); *see Home Realty Co. & Ins. Agency v. Red Fox Country Club Owners Ass'n*, 274 N.C. App. 258, 266–67 (2020). A lien for unpaid assessments filed under N.C.G.S. § 47F-3-116 "is prior to all liens and encumbrances on a lot" except for (1) those recorded before its filing and (2) "liens for real estate taxes and other governmental assessments and charges against the lot." N.C.G.S. § 47F-3-116(d). But should a senior lienholder commence foreclosure proceedings, the resulting foreclosure sale "extinguishe[s]" all junior liens "imposed on the property subsequent to the execution and recording of the . . . senior instrument." *Dixieland Realty Co. v. Wysor*, 272 N.C. 172, 175 (1967). And when a foreclosure sale yields surplus funds, the liens attach to that surplus in order of priority just as they did to the subject property. *See In re Castillian Apts.*, 281 N.C. 709, 711 (1972) (quoting 3 *Jones on Mortgages* § 2164 (8th ed. 1928)). A claimant of surplus funds may "institute[ ]" a "special proceeding . . . before the clerk of the superior court . . . to determine who is entitled thereto." N.C.G.S. § 45-21.32.

Here, the parties do not contest that Petitioner validly filed its claim of lien on 20 November 2017 for $1,403.90 in unpaid assessments on the Property, subject to a senior lien that had encumbered the Property since 1988. On 13 January 2021, Respondents obtained their interests in the Property subject to existing liens,

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

including the senior lien and Petitioner's lien. When the senior lienholder commenced foreclosure proceedings on the Property, the resulting February 2022 foreclosure sale "extinguished" all junior liens on the Property, including Petitioner's lien and Respondents' liens. *See Dixieland Realty Co.*, 272 N.C. at 175. Because the liens attached to the foreclosure sale's surplus funds in the same order as they did to the Property, Petitioner's lien is the next claim in priority entitled to the surplus funds. *See Castillian Apts.,* 281 N.C. at 711.

### b. *Statute of Limitations*

Respondents also claim that Petitioner failed to file its surplus-funds petition within the three-year statute of limitations. *See* N.C.G.S. § 47F-3-116(c). They believe that the trial court erroneously allowed Petitioner to "avoid" the statute of limitations and "fil[e] its 2024 Petition [for surplus funds] seven . . . years after filing its 2017 claim of lien."

Under N.C.G.S. § 47F-3-116, an HOA must "institute[ ]" "proceedings to enforce [its] lien . . . within three years after the filing of the claim of lien." *Id*. But nowhere does this statute require a lienholder to *complete* a foreclosure action on an encumbered property within three years. Respondents misconstrue the trial court's disbursement order, which properly determined that Petitioner *instituted* the foreclosure proceeding within the statutory three-year period. *See id.* Further, Respondents are mistaken to the extent they argue Petitioner's claim for surplus funds is untimely because the right to claim surplus funds does not arise "until the

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

surplus proceeds [a]re paid over to the clerk of court." *In re Foreclosure of Deed of Tr.*, 303 N.C. 514, 520 (1981) (citing N.C.G.S. § 45-21.32(a)). Indeed, binding authority indicates the contrary. *See id.* (holding that, "[o]nce properly attached to the underlying property, the [parties'] liens . . . continued in the proceeds generated by sale at foreclosure"); *Mass. Bonding & Ins. Co. v. Knox*, 220 N.C. 725, 730 (1942) (explaining that a foreclosure action "instituted within the . . . [statutory] period . . . suspends the running of the statute of limitations"). Because the trial court correctly determined that Petitioner initiated this proceeding within the applicable time period, we hold that the trial court properly upheld the validity of Petitioner's lien. *See* N.C.G.S. § 45-21.32(a).

### 2. *Calculation of Lien Amount*

Having confirmed the lien's validity, we next address the completeness and accuracy of its amount of $12,496.88 in unpaid assessments and $14,414.50 in attorneys' fees. Respondents argue that the trial court erred by relying on incompetent evidence and erroneous conclusions to support each disbursement amount. Upon review of the record, we dismiss Respondent's argument as meritless and affirm the trial court's order in full.

### a. *Unpaid Assessments*

Respondents claim that the trial court erred by disbursing $12,496.88 in surplus funds to satisfy Petitioner's lien because Petitioner offered "no sworn testimony or detailed information" at the 10 February 2025 hearing to "raise the total

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

[lien amount] from $1,403.90 to $12,496.88." Respondents contend that the trial court relied solely on Petitioner's "mystery Affidavit of Debt" for the $12,496.88 amount. We review this claim only for "whether competent evidence . . . support[s these] findings of fact." *Walker*, 93 N.C. App. at 532.

A HOA's validly filed "claim of lien secures all sums due the association through the date filed and any sums due to the association thereafter," including "fees, charges, late charges, and other charges imposed." N.C.G.S. § 47F-3-116(a). Here, Petitioner's 2017 claim of lien sought $1,403.90 in unpaid assessments and "any additional sums due to the association hereafter" under § 47F-3-116. The 10 February 2025 managing agent's affidavit attests to the lien amount's increase to $12,496.86 as of that date.[2] Contrary to Respondents' assertion, the trial court did not rely solely on this affidavit in determining the distribution of surplus funds. At the 10 February 2025 hearing, rather, Petitioner's counsel clarified that "the dues . . . owed during that time period" between 2019 and 2022 totaled $12,496.86 in response to the trial court's independent inquiry regarding the lien amount. When the trial court asked how the amount increased from the 2017 lien amount of $1,403.90, Petitioner's

---

[2]     We also dismiss as meritless Respondents' assertion that the 10 February 2025 filing date of the managing agent's affidavit violated the ten-day notice requirement for the service of a motion for summary judgment under North Carolina Rules of Civil Procedure 6 and 56. The Rules of Civil Procedure do not apply to special proceedings, which includes a surplus-funds proceeding under N.C.G.S. § 45-21.32. *See In re Ernst & Young*, 363 N.C. 612, 616 (2009); N.C. R. Civ. P. 1 (civil-procedure rules inapplicable when "differing procedure is prescribed by statute"); N.C.G.S. § 45-21.32(a) (a surplus-funds proceeding is a special proceeding).

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

counsel explained, "[I]t's five years of dues." Because the trial court properly considered both parties' evidence and the relevant statute in its surplus-funds disbursement, the trial court did not err in calculating the disbursement amount of $12,496.86 for unpaid assessments.

### b. *Attorneys' Fees*

Respondents next claim that the trial court's $14,414.50 award violates the $1,200 cap on attorneys' fees under N.C.G.S. § 47F-3-116. *See* N.C.G.S. § 47F-3-116(f)(12). We review *de novo* a trial court's award of attorneys' fees under the authority of a statute that declares an HOA "*shall* be entitled to recover the[m]" in the course of litigation. N.C.G.S. § 47F-3-116(e) (emphasis added); *see Willow Bend HOA*, 192 N.C. App. at 418 (citing *Turner v. Duke Univ.*, 325 N.C. 152, 165 (1989)).

To award attorneys' fees, a trial court must "consider the time and labor expended, the skill required, the customary fee for like work, and the experience and ability of the attorney." *Belcher v. Averette,* 152 N.C. App. 452, 457 (2002). For a nonjudicial foreclosure proceeding to enforce a claim of lien under N.C.G.S. § 47F-3-116, an HOA cannot exceed $1,200 in combined attorneys' fees and trustee's commission in conducting the foreclosure proceeding and resulting foreclosure sale. *See* N.C.G.S. § 47F-3-116(f)(12). But in a special proceeding to determine the ownership of surplus funds under N.C.G.S. § 45-21.32, a trial court may "allow a reasonable attorney's fee for any attorney appearing on behalf of the party or parties who prevail, to be paid out of the funds in controversy," without express limitation.

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

*Id.* § 45-21.32(d).

Here, Petitioners filed their petition for surplus funds under N.C.G.S. § 45-21.32, which the trial court expressly cited as the basis for awarding Petitioners' attorneys' fees. The trial court's award of attorneys' fees matches the $14,414.50 amount requested in Petitioner's 13 February 2025 affidavit. This affidavit included the standard hourly rates of all attorneys who worked on this matter and claimed that these rates were "consistent with [their] knowledge of attorneys of similar skill and experience in Guilford County and surrounding areas." The affidavit further attested that Petitioner's counsel "believe[d] the time and expenses expended on this matter" "were necessary and reasonable in scope and amount" when "consider[ing] . . . the amount at stake and the complexity of the issues raised." Petitioner also attached an itemized ledger of work completed, time expended, and amounts billed, totaling $14,414.50. The trial court properly considered Petitioners' affidavit in awarding $14,415.50 in attorneys' fees to Petitioner out of the surplus funds. Because the trial court also supported its award of unpaid assessments of $12,496.86 with competent evidence, we affirm the trial court's total disbursement of $26,911.38 for Petitioner.

## B. Improper Rule 52, 59, and 60 Filings

Respondents argue that the trial court erred by "failing to grant" their 12 February 2025 "Request for Findings of Fact and Conclusions of Law" under Rule 52. *See* N.C. R. Civ. P. 52(a)(1) (requiring specific findings and legal conclusions for all

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

non-jury "actions tried upon the facts"). They additionally claim the trial court erred by "failing to hear" their 24 February 2025 "Motion for New Trial / Amendment of Judgment and Order, for Reconsideration, and Rule 60 Relief." These arguments are meritless.

We reiterate that the Rules of Civil Procedure do not apply to a special proceeding for surplus funds under N.C.G.S. § 45-21.32. *See In re Ernst & Young, LLP*, 363 N.C. 612, 616 (2009) (citing N.C. R. Civ. P. 1). Even assuming otherwise, Respondents do not show insufficient findings under Rule 52 to support the trial court's disbursement. The order details thirty findings of fact that recount the relevant procedural history of this matter, including the superior priority of Petitioner's lien to Respondents' interests in the Property, the total indebtedness secured by Petitioner's lien, and the proper legal authority for the trial court's disbursement of surplus funds to satisfy that lien.

Respondents also fail to show any "insufficiency of the evidence," "error of law," or "any other reason" under Rule 59 to justify amending the trial court's order. N.C. R. Civ. P. 59(a)(7)–(9). Nor do Respondents assert proper grounds under Rule 60 to set aside the trial court's judgment for mistake, fraud, newly discovered evidence, or any other valid reason. *Id.* 60(b). Instead, Respondents' Rule 52, 59, and 60 filings outline essentially the same misplaced claims they argue on appeal, relying largely on inapplicable law, misapprehensions of applicable law, and misleadingly selective presentation of the facts surrounding this proceeding. Thus, we dismiss these filings

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

as meritless. *See ACC Constr.*, 239 N.C. App. at 265 ("emphatically declin[ing]" to allow plaintiff to "distort[ ] the procedural history" of the matter).

## C. Other Contentions

Respondents make other claims irrelevant or otherwise inappropriate to this appeal, each of which we dismiss as meritless.

*First*, Respondents argue that the trial court "fail[ed] to apply the bar of latches and estoppel" to "multiple" alleged failures by Petitioner's counsel "and its manager" to respond to Respondent's counsel's communications regarding a separate action. Aside from inappropriately referencing a matter outside the scope of this appeal, Respondents' failure to cite any legal authority for this misplaced assertion deems it abandoned. *See* N.C. R. App. P. 28(b)(6).

*Second,* Respondents argue that the 2018 senior lienholder's foreclosure action bars Petitioner's petition for surplus funds under the prior-pending-action doctrine. *See Shore v. Brown*, 324 N.C. 427 (1989) (prior action in same cause between same parties abates subsequent action). Respondents' argument is meritless because the prior-pending-action doctrine does not apply to special proceedings. *See In re Foreclosure of Deed of Tr.*, 369 N.C. 222, 222 (2016) (The "contractual right of foreclosure by power of sale under a deed of trust is a non-judicial proceeding.").

*Third,* Respondents argue that Petitioner's "action to proceed on time-barred debt and . . . efforts to avoid all statutes of limitation on this consumer debt constitute a violation of the Fair Debt Collection Practices Act" (FDCPA). (Citing 15 U.S.C. §

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

1692 *et. seq.*) They claim that the unpaid HOA assessments constitute consumer debt and that Petitioner's counsel "acts as a 'debt collector' subject to the FDCPA" in seeking to satisfy Petitioner's lien from the surplus funds. Respondents again mischaracterize this matter as anything other than a surplus-funds proceeding under N.C.G.S. § 45-21.32 by shoehorning in an irrelevant statute. We thus dismiss this argument as meritless.

*Fourth*, Respondents vaguely speculate that permitting the disbursement of surplus funds to Petitioner would allow "HOAs all over North Carolina" to maintain liens in perpetuity, impose unlimited fees, and otherwise "abuse" property owners by forgoing the procedural requirements of N.C.G.S. § 47F-3-116. Respondents assert that these abuses would in turn "significant[ly] impact" mechanics' liens under N.C.G.S. § 44 and create "title problems" in real-estate transactions. They provide no pertinent legal authority for these assertions despite N.C.G.S. § 47F-3-116 expressly disclaiming any effect on "the priority of mechanics' or materialmen's liens." N.C.G.S. § 47F-3-116(d).[3] Respondents' purely conjectural assertions are meritless.

---

3   Respondents' speculation on the alleged "impact" of this matter on mechanics' liens, as well as their inapplicable FDCPA claim, strongly resemble similar arguments in a record filing titled "Perplexity.AI Answers," attached as an exhibit to Respondents' "Motion for New Trial / Amendment of Judgment and Order, for Reconsideration, and Rule 60 Relief." In the motion, Respondents' counsel explains that he "did traditional research but supplemented it with research through Perplexity.AI, Professional Version" and provides a URL link to the same: "https://www. perplexity.ai/."

To the extent that the irrelevance of Respondents' cited legal authorities results from the failure of Respondents' counsel to adequately review AI-generated work product, we chastise him

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

*Fifth,* Respondents argue that Petitioner's counsel violated her professional duty of candor to the tribunal by failing to inform the trial court at the 10 February 2025 trial *de novo* that this Court's recent decision in *RM Contrs., LLC v. Wiggins*, 294 N.C. App. 172 (2024), contradicted "her novel legal theory that there is no time limit at all for prosecuting an inactivated claim of lien." *See* N.C. R. Prof. Conduct 3.3 (candor to the tribunal). Respondent's counsel's citation to *RM Contrs.* as controlling precedent belies his own lack of understanding in this matter because that case addresses the discharge of mechanics' liens under N.C.G.S. § 44-16(a)(3) for untimely enforcement and does not relate to special proceedings for surplus funds under N.C.G.S. § 45-21.32. *See RM Contrs.*, 294 N.C. App. at 172. As Petitioner states in its brief on appeal, this Court is similarly "at a loss to understand how N.C.G.S. § 44-16(a)(3) . . . has any relevance to any issue in this case."

*Sixth*, Respondents allege that the trial court unfairly favored Petitioner's counsel at trial by claiming "that the trial court judge deferred to what she viewed as the expertise of and her friend relationship with [Petitioner's] counsel" based on two isolated statements. Upon review of the record, we dismiss as meritless this accusation of judicial partiality. *See Hampton v. Scales*, 248 N.C. App. 144, 156 (2016) ("An appellate court cannot assume or speculate that there was prejudicial error

---

for this regrettable oversight. *See* N.C. State Bar, Formal Op. 1 (2024) (holding attorney "individually responsible for reviewing, evaluating, and ultimately relying" on AI-generated work product); *accord Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 347 (E.D.N.Y. 2025) (noting the "panoply of sanctions against attorneys who submitted fake cases" hallucinated by AI).

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

when none appears on the record before it." (quotation omitted)).

### D. Sanctions

Finally, Petitioner moves to sanction Respondents and their counsel for "substantially failing to comply" with N.C. Rules of Appellate Procedure 25(b), 28, and 34(a)(3) in their appellate brief. Petitioner further asks this Court to sanction Respondents for bringing this appeal for an improper purpose to "harass" Petitioner, "thereby needlessly increasing the cost of litigation" under Rule 34(a)(2) by their "erratic and unethical misrepresentations of both fact and law."

We may "impose a sanction against a party or attorney or both when" the party's attorney files "a petition, motion, brief, record, or other item" that "grossly violate[s] appellate court rules" or "grossly disregard[s] the requirements of a fair presentation of the issues." N.C. R. App. P. 34(a)(3). Sanctions are also permissible where "the appeal was not well grounded in fact," "was not warranted by existing law," or "was taken or continued for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.* 34(a)(1)–(2). In considering whether to impose sanctions, the reviewing court "should first determine whether the noncompliance is substantial or gross under Rules 25 and 34." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 201 (2008). Such determination includes, "among other factors, whether and to what extent the noncompliance impairs the court's task of review," as well as "the number of rules violated." *Id.* at 200.

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

In light of our preceding analysis, we decline to impose Rule 34 sanctions for Respondents' appeal because their legal errors and meritless arguments—dire as they are—do not rise to the level of "gross . . . noncompliance." *Dogwood*, 362 N.C. at 201. Our decision to forgo sanctions does not diminish the severity of our chastisement of Respondents for bringing meritless and misplaced arguments. Respondents cite no relevant legal authority for their fundamental misapprehension of the difference between a foreclosure action under N.C.G.S. § 47F-3-116 and a surplus-funds proceeding under N.C.G.S. § 45-21.32. They vainly attempt to buttress their misguided argument with claims that misrepresent the factual history of the matter and challenge the integrity of the proceedings. Respondents further burden our review with irrelevant legal authority, some of which appears to be AI-generated work product that they failed to adequately examine. We admonish Respondents for these obstacles to our review. In light of our preceding analysis, this Court affirms the trial court's order disbursing surplus funds to Petitioner.

## IV.    Conclusion

For the reasons discussed above, this Court affirms the trial court's 14 February 2025 order disbursing $26,911.38 in surplus funds from a foreclosure action to Plaintiff as the superior lienholder.


AFFIRMED.

Judges GRIFFIN and FREEMAN concur.

FOREST RIDGE TOWNHOMES CORP. OF GREENSBORO V. HEAG PAIN MGMT. CTR., P.A.

*Opinion of the Court*

Report per Rule 30(e).